## McGEE v. YOUNG.

1. The verdict was authorized by the evidence.
2. The submission of the defendant's contention was in accordance with his plea, and adjusted to the evidence.
3. A charge embracing an abstractly correct and pertinent legal principle is not rendered erroneous by a failure to charge some other legal principle applicable to the case.
4. A new trial will not be granted because of a possible slight inaccuracy in an instruction, where it is manifest that the complaining party could not have been harmed thereby.
5. A new trial will not be granted because of the refusal by the court 'to give a charge containing an argumentative discussion of the various reasons underlying the rule of law that in all civil cases' the jury are bound to take the law from the court.
6. In so far as the other requests presented' correct and applicable principles, such were covered' in the general charge.

Argued January 12,—Decided May 13, 1909.

Action for damages. Before Judge Charlton. Chatham superior court. March 9, 1908.

*Alexander & Edwards,* for plaintiff in error.

*Wilson & Rogers,* contra.

EVANS, P. J. C. E. Young, while riding a bicycle, was injured in a collision with an automobile driven by its owner, Dr. H. H. McGee. He sued Dr. McGee for damages, and obtained a verdict which the court refused to set aside, and the defendant brings error. Judge Cann, who presided at the trial, shortly thereafter resigned, and the motion for new trial was refused by his successor, Judge Charlton.

The scene of the collision was in Savannah, on Drayton street, at the intersection of Hall street. Drayton street extends north and south, and the roadway between the curbing is 28 feet. There is a row of large oak trees on the east side, occupying a part of the roadway near the curbing. At the time of the occurrence under investigation a watering cart was stationed in the street just outside the trees. The plaintiff, who was riding a bicycle, was on the east side of the street, and was going northward, and the defendant was driving his automobile southward on the west side of the street. On the trial the plaintiff testified that before he reached Hall street he observed the defendant's automobile coming from the opposite direction. Just as he was approaching Hall street he observed that the defendant began to turn his automobile into Hall

street, and he undertook to provide against this change in direction, when the defendant suddenly changed his course, and ran into him. The defendant and his wife, who occupied the automobile, testified that the defendant never attempted to turn into Hall street, but that the plaintiff deflected his bicycle across the course of the automobile and collided with it while the defendant was doing his best to avoid the changed course of the bicycle. It is urged that the evidence fails to show any liability, and that the court erred in refusing to grant a new trial, on the ground of insufficient evidence to support the verdict. It is argued that inasmuch as the judge who refused the motion did not try the case, and did not observe the witnesses under examination, his approval of the verdict is not to be regarded with the same significance as if he had presided at the trial. There is a difference between the effect of an approval of a verdict on a motion for new trial by a judge who presided at the trial, and its approval by one who only passed on the motion, but the only effect is simply to take the case out of the operation of the rule that the Supreme Court interferes reluctantly with a verdict approved by the presiding judge, as contrary to law and evidence. *Cleveland* v. *Treadwell*, 68 *Ga.* 835. The variance between the plaintiff and defendant as to the responsible and contributing cause of the collision is acute, and it was the peculiar province of the jury to settle this disputed issue of fact. By their verdict they found that the proximate cause of the collision was the defendant's negligence. In other words, they accepted the plaintiff's version of the occurrence. Their opportunity of seeing and hearing the witnesses while testifying gives them a superior advantage over us in determining the truth of the case. Unless errors of law have been committed, their verdict will be left to stand.

2, 3. It is contended that three excerpts from the charge are erroneous. The first relates to the court's summary of the defendant's contention as excluding one of his defenses. This is clearly without merit. The second exception alleges that a certain pertinent and correct charge was rendered erroneous by the failure of the court to charge in immediate connection therewith another principle of law. This exception can not be sustained. *Cline* v. *Milledgeville Bkg. Co.*, 131 *Ga.* 611 (62 S. E. 984).

4. The third exception to the charge is to this excerpt: "If a

collision takes place and a party is on the wrong side of the road, the presumption is generally against the party on the wrong side of the road. This applies to whichever of the parties in this case you may find, if either, was upon the wrong side of the road." This charge is alleged to be erroneous, because it is contended that there was no evidence showing that the defendant ever was on the wrong side of the road, or was in violation of the rule of the road. The accuracy of the charge as a legal proposition is not questioned by the assignment of error. The evidence shows that the automobile, just before the collision, was near the middle of the road, and it is not perfectly clear that it ever crossed to the east side. But even if it be conceded that the automobile never crossed over to the east side of the street, we do not see how the defendant was harmed by the instruction. There is no dispute that the actual collision occurred on the western side of the street, the left side relatively to the direction the plaintiff was riding his bicycle; and the force of the instruction was to the benefit of the defendant, as the jury were instructed that the presumption was against the party who was on the wrong side of the street, and the plaintiff admitted that he had crossed the street to his left when he was stricken by the automobile.

5. Exception is taken to the refusal of the court to give in charge the following, as requested: "I further charge you that the court is responsible for the law. Your oath and your duty require you to take the law implicitly as the court delivers it. As it is sometimes unknown what reason guides juries to their conclusions, to aid your memory in this respect the court reminds you that the charge is delivered in public, in hearing of the parties and their counsel; and if the court errs in the law, it is easy to reach such error, have a rehearing upon it, and have it corrected; but if the jury, as they privately deliberate, undertake to usurp the functions of the court, and undertake to differ with the court as to the law of the case, it is more difficult to reach, to ascertain or correct any such errors into which you may thereby fall; therefore the law imposes upon the court the responsibility of determining the law of the case. The province of the jury is with the facts. You are exclusively the judges of the testimony, and it is your duty to find the facts from the testimony as delivered under oath

by the witnesses, and, having found the facts, to apply the law of the case as given you by the court.

"I further charge you that the rule of the road, as established by the laws of Georgia, requires travelers with vehicles, whether carts, wagons, automobiles, or bicycles, when meeting, to each turn to the right, and that it was the duty of the plaintiff to know and observe the rule of the road. Persons using the public streets, as conscious human agents, are bound to exercise their faculties of seeing and hearing, and are further bound to exercise ordinary care to avoid the consequences of the negligence of others who are using the public streets, by either remaining away or getting out of the way of probable or known danger after they discover it, if in the exercise of ordinary care and prudence they should discover it. If a person voluntarily assumes a risk or does a thing in a dangerous way which can be safely done, he assumes the risk of what he does, and if an accident occurs and injury results to him in consequence thereof, he can not recover; and in this connection I charge you that if you find from the evidence that the plaintiff's injuries were occasioned, wholly or in part, by his violation of the rule of the road, or in his voluntarily assuming a risk or in doing a thing in a dangerous way which he could have done in another way in safety, he can not recover. If you find that the plaintiff's injuries were not occasioned by the negligence of the defendant, he can not recover. The evidence must affirmatively show that the plaintiff is free from fault; otherwise he can not recover.

"If you should find from the evidence that the defendant was negligent, but that the plaintiff had a clear chance to avoid the defendant's negligence, but assumed the risk to himself occasioned thereby, such conduct on the part of the plaintiff is not merely contributory negligence, which will lessen the amount of his recovery, but is such a failure to avoid danger as will defeat his right to recover at all."

With regard to the argumentative instruction that the jury are the judges of the facts, and must apply the facts to the law as pronounced by the court, we have only to observe that it is perfectly proper for a judge to remind the jury that in civil cases they are bound to take the law from the court; but a trial judge should not be forced by a written request, in every case, to enter into an argumentative statement of the reasons upon which the rule rests. We

see nothing in the case which would suggest a cautionary instruction. An accurate and clear statement of a legal principle, either in the concrete or the abstract, may possibly become obscured by an extended philosophical disquisition on the rationale of the principle. In so far as the other requests were correct and applicable, they were covered by the general charge. The charge in its entirety was comprehensive, fair, and impartial, and presented the law appropriate to the case.

*Judgment affirmed. All the Justices concur.*