### 25496. HOLT *v.* THE STATE.

DECIDED MAY 27, 1936.

*J. H. Kirbo, G. G. Bower,* for plaintiff in error.
*M. E. O'Neal, solicitor,* contra.

GUERRY, J. ■ The defendant was tried and convicted for a violation of Code of 1933, § 26-6901, which provides that "Any person who shall, by cursing or using profane or obscene language, or by being intoxicated, or otherwise indecently acting, interrupt, or in any manner disturb, a congregation of persons lawfully assembled for divine service, and until they are dispersed from such place of worship, shall be guilty of a misdemeanor." It appears from the evidence in the record before this court that on Saturday night, October 12, the defendant appeared at the Second Advent Church in a drunken condition, and, while services were being conducted therein, stood on the outside and talked in a loud voice so as to disturb those attending the services. We think that this is sufficient evidence to show a violation of the above section. The general grounds of the motion for new trial were therefore without merit.

■ Complaint is made that the trial judge charged the jury that "One of the fundamental principles upon which our government is founded and exists is the right and privilege of each citizen to worship God according to the dictates of his own conscience. The statute which the court has read to you, and for a violation of which the defendant is being tried, was designated by the lawmakers for that purpose. Therefore, if you believe beyond a reasonable doubt that the defendant in this case in this county at any time within two years before the filing of the accusation in this case disturbed or interrupted a congregation of people who had assembled for divine worship in the manner and form pointed out and alleged in the accusation, and at the place named in the accusation, after they had assembled themselves together for such purpose and before they had dispersed away from such place, it would be your duty to convict him," which charge was alleged to be error because (1) "it raised a religious issue and unduly prejudiced the defendant and emphasized the mental feeling of the court as against any one disturbing religious worship and indicated to the jury a zealous religious enthusiasm in the breast of the court, and which said religious enthusiasm was not adjusted to this case and was prejudicial to the defendant," and (2) because said excerpt above recited from said charge "showed that the court presumed and assumed that a crime, to wit, 'disturbing divine worship,' had been committed by some one,

which assumption and presumption was error." The language of the charge under the facts of this case does not require a reversal. The charge is inapt—and irrelevant to the facts of the case. It is best for the judge to confine his charge to the definition of the statutory crime as defined in the Code. Statements that might in any degree whatever tend to embarrass or prejudice the accused on trial for a violation of the law should be avoided by the judge (*Leonard* v. *State*, 133 *Ga.* 435, 66 S. E. 251; *McGee* v. *Young*, 132 *Ga.* 606, 64 S. E. 689; *Landrum* v. *Rivers*, 148 *Ga.* 774, 98 S. E. 477); and while we have already shown our disapproval of this form of charge, and we may further say, in passing, that religious freedom and the protection of religious worship from indecent acting by individuals are based upon different conceptions, since there was no evidence in this case and no intimation that the defendant interrupted or disturbed the services because he did not approve of the service or the manner which those therein had selected to worship God, but that he was guilty of disturbing the service solely because he was under the influence of intoxicating liquor, we do not think that an intelligent jury could have been misled by the charge of the court, in determining whether or not he was guilty as charged. There was no error in overruling the motion for new trial.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*