29867.   JACKSON *v.* CRIMER.

Decided March 6, 1943.

*Swift Tyler, W. E. Armistead,* for plaintiff in error.

*Clark Ray, O'Glen Ray,* contra.

Stephens, P. J. (After stating the foregoing facts.)

1. The petition was not subject to general demurrer. The defendant contends that while the plaintiff alleged that at the time he was struck by the automobile he was crossing Marietta Street at a place where employees of Randall Brothers and the public in general frequently cross, it affirmatively appeared from the petition that this place was not a public street crossing, because the petition showed that the regular street crossing at the intersection of Marietta Street and North Avenue was "about 100 feet" therefrom, and therefore that the petition properly construed shows that the plaintiff was attempting to cross Marietta Street at a place not designated as a crossing for pedestrians by the city, and was a "jay walker." The defendant contends that for this reason it appeared from the petition that the plaintiff was injured while attempting to cross the street at a point prohibited by law, and that he was not exercising ordinary care but was grossly negligent, which negligence caused his injury. The petition is not subject to the construction placed thereon by the defendant.

The petition was not subject to the general demurrer because it appeared therefrom that the alleged negligence of the defendant was not the proximate cause of the plaintiff's injuries. The plaintiff alleged that as he was crossing Marietta Street he was struck by an automobile operated by the defendant, which was being driven at a high rate of speed and to the left of the middle of the street, that it did not give any signal or warning either in approaching the near-by street intersection or in approaching the crossing where the plaintiff was walking across Marietta Street, that the defendant was negligent in so operating the automobile, and that the plaintiff's injuries were directly caused by such negligence. The petition as amended was not subject to general demurrer for the reason, as urged by the defendant, that the plaintiff "does not show that he was without fault, and does show that by the exercise of ordinary care he could have avoided the injuries complained of." A plaintiff is not required to show in his petition that he was free from fault, or that by the exercise of ordinary care he could have avoided injury. This would be a matter of defense. See *Collins* v. *Augusta-Aiken Railway Cor.,* 13 *Ga. App.* 124 (2) (78 S. E.

944); *Western & Atlantic Railroad* v. *Reed,* 33 *Ga. App.* 396 (2), 400 (126 S. E. 393).

2. The defendant, on the overruling of his motion for nonsuit, elected to continue with the trial, and introduced evidence in support of his answer and in refutation of the plaintiff's cause. One ground of the motion for new trial is that the verdict was not supported and was unauthorized by the evidence. "Under repeated rulings of the Supreme Court and of this court, an assignment of error on a refusal to grant a nonsuit will not be considered where the case proceeds to verdict and judgment in favor of the plaintiff, and thereafter the defendant makes a motion for a new trial in which he alleges that the verdict was unauthorized by the evidence." *West* v. *Cunningham,* 43 *Ga. App.* 581 (159 S. E. 748); *Massell Realty Co.* v. *Hanbury,* 165 *Ga.* 534 (9), 557 (141 S. E. 653).

3. No municipal ordinance of the City of Atlanta was properly pleaded or introduced in evidence. Therefore this court does not have for consideration the questions whether the defendant, in operating the police automobile, drove to the left of a street-car in violation of a city ordinance, and whether the plaintiff, in crossing Marietta Street at the place where he was struck by the automobile, was violating an ordinance which prohibited persons from crossing between intersections. The jury were authorized to find that the defendant operated the automobile at a speed of fifty miles an hour, and that no horn or other signal was given either as the automobile approached the Marietta and North Avenue intersection or as it approached the place where the plaintiff was crossing Marietta Street. The jury was authorized to find that the defendant was negligent in operating the automobile at the time it struck the plaintiff. A pedestrian and a person operating an automobile have each equal rights to use a public highway or street, and it is the duty of each to exercise his right with due regard to the corresponding rights of the other. The driver of an automobile is bound to use reasonable care, and to anticipate the presence on the streets of persons having equal rights with himself to be there; and a pedestrian, when lawfully using public highways or streets, is not bound to be continually looking and listening to ascertain if an automobile is approaching, under the penalty that if he fails to do so and is injured, it must be conclusively presumed that he was negligent. See *Flowers* v. *Faughnan,* 31 *Ga. App.* 364 (120 S. E.

670). While it is true, as a general rule, that one driving an automobile is free to travel along any portion of the street he chooses, and may drive on his own left side of the street when the road is open and other vehicles are not occupying or approaching on that side, and when such use of the street does not infringe on the rights of pedestrians and others who have an equal right to the use thereof, without being chargeable with negligence as a matter of law because of the mere fact that he is on the left side of the street, yet one who is driving on his left side must generally exercise more care than if he were on the right side of the street; and if a person operating a motor vehicle chooses, on a dark, rainy night to use the left side of the street, it is his duty to be on the alert, and to exercise care and caution to prevent injury to others lawfully entitled to use the street. See *Eubanks* v. *Mullis,* 51 *Ga. App.* 728 (181 S. E. 604). It has been held that where there is an accident and a pedestrian is hit by an automobile which at the time is being operated on its left side of the road, the presumption is against the driver of the automobile. See *McGee* v. *Young,* 132 *Ga.* 606 (4), 608 (64 S. E. 689); 42 C. J. 907.

The driver of an automobile has no right to assume that the road is clear, but must keep a vigilant lookout ahead for pedestrians and traffic, particularly at places where the conditions are such that there are reasons for anticipating the presence of pedestrians, or where he is driving over that portion of the street which is usually used by automobiles going in the opposite direction. A pedestrian has a right to use the street, and in the absence of a statute or a municipal regulation to the contrary he may cross wherever he wishes, without being guilty, for that reason alone, of negligence; and a pedestrian in crossing a street is under no duty as a matter of law to look for automobiles traveling on their left side of the street. It has been held that while a pedestrian is required to be on the lookout, "he has the right to assume that the drivers of all automobiles are on the lookout for him too; and if he is properly upon the public highway, which he is entitled to use equally with them, he has the right to assume that they are both willing and able to regard his rights." See *O'Dowd* v. *Newnham,* 13 *Ga. App.* 220, 227 (80 S. E. 36). "A pedestrian being entitled to use any part of a highway or street for the purpose of travel (in the absence of any governmental regulation to the contrary), he may cross

the street at any place he desires, if he uses due care, and is not restricted to public crossings, and the operator of an automobile must therefore anticipate the possibility that pedestrians may cross the street between intersections." *Eubanks* v. *Mullis,* supra.. The evidence did not demand a finding that the plaintiff was injured by reason of his own negligence in attempting to cross Marietta Street at a place where there was no public crossing. The jury were authorized to find that had it not been for the negligence of the defendant in the operation of the police car the plaintiff would not have been injured. The verdict for the plaintiff was authorized.

4. Assuming, but not deciding, that the judge incorrectly charged the jury as follows: "Having used this term 'proximate cause' it becomes important for you to know what, in law, is meant by that term. Negligence, to be the proximate cause of injury, must be such that a person of ordinary caution or prudence would have foreseen that some injury would likely occur therefrom, not that a specific injury would result," it does not appear that any harm resulted to the defendant therefrom. It follows that the above excerpt, even if it were error, would not require a new trial.

5. The evidence authorizing the verdict, and no error of law having been committed, the court properly overruled the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*