486

ÁUREO DÍAZ CRUZ and DOLORES MIRANDA TORRES, Plaintiffs, and Appellees-Appellants, *v.* STUCKERT MOTOR COMPANY and INDEMNITY INSURANCE COMPANY, Defendants and Appellants-Appellees.

No. 10680.   Argued November 21, 1952.—Decided March 31, 1953.

*Juan Enrique Géigel, Guillermo Silva* and *Hernán G. Pesquera,* for appellants and appellees. *Frank Torres* for appellees and appellants.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

About seven o'clock in the afternoon of June 1, 1950, and in the vicinity of kilometer 97 of Insular Highway No. 1 which leads from Coamo to Aibonito, a Studebaker automobile, belonging to the Stuckert Motor Co., ran over the minor Julio Enrique Díaz Miranda, causing him several injuries which resulted in his death a few hours later. His legitimate parents, Áureo Díaz Cruz and Dolores Miranda, filed a complaint in the District Court of Puerto Rico, Ponce Section, against the Stuckert Motor Co., and its insurer Indemnity Insurance Co., claiming damages for the death of their son.

It was alleged in the complaint that the accident was due solely and exclusively to the fault and negligence of the driver of the vehicle which ran over the minor. As to the negligence of the owner of said vehicle it is alleged "that the fault and negligence of said defendant, its servants or agents was due, among others, to the following reasons:" (a) driving the vehicle at an exaggerated and excessive speed; (b) the headlights of the vehicle were not lit; (c) no klaxon or horn was sounded; (d) the width of the road at the place of the accident was not taken into consideration, and (e) driving the vehicle recklessly and wantonly.

Defendants answered accepting some facts and denying others. Besides, they raised several affirmative defenses, among them, that (1) the accident was caused by the sole and exclusive negligence of the minor Julio Enrique Díaz Miranda, who carelessly and negligently rushed onto the street from right to left, (2) that the contributory negligence of said minor was the proximate cause of the accident and (3) that in the absence of negligence, whether exclusive or contributory, on the part of the minor, the accident was an unfortunate and fortuitous one.

After a trial on the merits, the court *a quo* rendered judgment sentencing defendant to pay to plaintiffs the amount of $3,100 for damages, plus costs and $300 for attorney's fees.

Both parties have appealed from said judgment. Plaintiffs confined their appeal to challenging the amount granted for damages because they consider it insufficient. Defendants charge the trial court with the following errors:

"1.—The trial court committed a manifest error of law in concluding, notwithstanding the facts which it declared proved, that the accident which caused the death of the minor Julio Enrique Díaz Miranda was due to the negligence, lack of circumspection and carelessness with which the employee of the Stuckert Motor Company was driving the vehicle belonging to said company.

"2.—The trial court erred in failing to conclude that the accident was caused by the sole and exclusive negligence of the minor, Julio Enrique Díaz Miranda or that, at least, it was caused by the contributory negligence of said minor.

"3.—The lower court committed an error of law in applying to the case the last clear chance doctrine, although it had concluded that the minor Julio Enrique Díaz Miranda did not incur in contributory negligence.

"4.—The trial court committed an error of law in applying the doctrine of the last clear chance, although the same had not been alleged in the complaint nor invoked by plaintiffs.

"5.—The lower court committed an error of law in concluding that the driver of the vehicle had the last clear chance to avoid the accident."

We shall pass to consider, in the first place, defendants' appeal. In order to do so, it is convenient to recite these findings of the court *a quo* pertinent to the points in issue. As to the way in which the accident happened, said court made the following findings of fact:

"That the accident was about seven in the afternoon of June 1, 1950, in the vicinity of kilometer 97 of Insular Highway No. 1 which leads from Coamo to Aibonito;

"That José Euclides Torres Rodríguez was driving the vehicle at the time of the aforesaid accident while doing business for his employer Stuckert Motor Co.;

"That the automobile was traveling on the right-hand side at a speed of thirty to forty miles per hour and the headlights were not lit;

"That after the collision the driver of the vehicle applied the breaks leaving the marks of the tires clearly imprinted upon the road, describing a semicircle from right to left, which vanished near a cliff at the left side of the road;

"That according to the measurements taken, the marks of the tires covered a distance of seventy-six feet from where they start up to where they vanish;

"That according to the chart appearing in Blashfield Cyc. of Automobile Law & Practice, Vol. 9, p. 706, a vehicle which travels at a speed of thirty miles per hour needs to travel a distance of seventy-three feet from the time the brakes are applied until the time that the vehicle comes completely to a stop;

"That the automobile was a completely new vehicle, its brakes were in good conditions and had worked well before and after the accident;

"That the accident was due to the negligence, lack of circumspection and careless way in which the vehicle was driven by José Euclides Torres Rodríguez;

"That the oral and documentary evidence (photographic Exhibit of defendants) show that the grove and the weeds on the side of the road at the place of the accident are not next to the road but after passing the ditch which is covered by a small wall or bridge, from where the minor came out, thus making the driver's visibility still clearer;

"That should defendants' testimony be given credit, when the accident happened the automobile was traveling at a speed

of thirty to forty miles per hour more or less and at a distance of about twelve feet from the edge of the small wall or bridge from where the minor came out;

"That considering the speed at which the vehicle was traveling, the alleged distance at which the automobile was running from the edge of the road, the visibility at the place, and the absence of obstacles in the rest of the highway, the driver of the vehicle could have very well swerved easily to his left and avoid running over the child;

"That there were no obstacles on the left side of the road, nor any automobile coming from the opposite direction, the road being completely straight;

"That for the purpose of considering the opportunity that the driver of the vehicle had of seeing the child and taking the due precautions, the distance of the automobile from the edge of the road is not the only factor to be considered but also the width of the small bridge above the ditch inasmuch as the weeds and grove are not on the edge of the road but after passing the ditch;

"That the minor was walking fast but not running and that he was eight years old;"

Said court also concluded that the negligence of the driver had consisted in failing to swerve the automobile timely to the left, in order to avoid the accident. In its conclusions of law, on this point, the trial court sets forth the following:

"This case is distinguished from *De García* v. *Figueroa & Gautier*, 52 P.R.R. 865, in that the visibility of the driver in that case was obstructed by the parked automobile, while in the case at bar, all the evidence shows that there were no obstructions preventing the driver from seeing the minor Julio Enrique Díaz Miranda coming from the alley to the small wall or bridge and from there to the road.

"In deciding this case, the court not only considers the opportunity that the driver had to see the minor, accepting as true that the vehicle was traveling at a distance of twelve feet from the edge of the road, the width of the wall, besides the topographic conditions inasmuch as the trees and the weeds were not on the edge of the road, but also the opportunity which in view of all those circumstances the driver had to swerve his automobile to the left and avoid running over the minor.

"

"In the·instant case the speed at which the vehicle was traveling which according to law, was normal, required seventy-three feet to stop it should it have been traveling at thirty miles per hour, or of a hundred and fifteen feet should it have been traveling at forty miles per hour, but all the circumstances show that the driver of the vehicle could have swerved to the left before running into the minor if the speed at which it was traveling, the width of the road, the view and the lack of obstructions to his left are considered. Although, according to the afore-cited chart it is impossible to stop the automobile before running over the minor, however, it is nonetheless true that should the driver have driven the vehicle with due care, he could have swerved to his left and avoided the accident."

· ██ The driver of a motor vehicle must anticipate the presence of pedestrians in the highway and hence, he must exercise that degree of caution which ordinarily and under the same circumstances a prudent driver would exercise to avoid injuring them. In so doing, the driver must be alert and keep a proper lookout for them. 2A Blashfield, *Cyclopedia of Automobile Law & Practice,* Permanent ed., § § 1254 and 1259, pp. 145 and 159, respectively; *Jackson* v. *Crimer,* 24 S. E. 2d 603. The duty to maintain such a lookout implies the duty of seeing everything which may be seen, that is, everything that the driver could have seen in the direction of travel, by exercising reasonable care. *Roselle* v. *Bingham,* 46 S. W. 2d 784; *Johnson* v. *Herring et al.,* 300 Pac. 535; *Baldwin* v. *Robertson,* 172 Atl. 859; or as it was · stated in the case of *Wall* v. *Bain,* 23 S. E. 2d 330, 333:

"It is the duty of the driver of a motor vehicle not merely to look, but to keep an outlook in the direction of travel; and he is held to the duty of seeing what he ought to have seen."

██ In the case at bar defendants-appellants contend that the minor suddenly rushed into the path of the vehicle of the Stuckert Motor Company when he emerged from a lane to the road at the time when the driver of said vehicle could not have possible avoided the accident. However, said accident took place on a straight piece of road, where visi-

bility was good, and when nothing prevented the driver, if he had been reasonably careful, from seeing the minor walking fast on the edge of the wall or bridge towards the road. This fact was or could have been a clear indication that the minor would come onto the highway, and therefore, a reasonable warning to the driver that he should have exercised the highest degree of care possible to avoid striking him. Although as a general rule a driver is not required to anticipate that another person will act negligently, said rule does not hold when said person makes some demonstration or movement on the contrary, see 47 C. J. 705 and *Williams v. Henderson*, 55 S. E. 2d 462, more so, in the case of a child eight years old, inasmuch as the prevailing rules as to the care which a driver of a motor vehicle must exercise regarding adult pedestrians do not strictly apply to children of tender age, requiring as to the latter a greater degree of care. Blashfield, *op. cit.*, vol. 2 A, § 1492, p. 383.

■■ The fact that the vehicle was being driven along its right of way and at a speed which as stated by the court *a quo* was normal according to the law, does not exonerate the driver from responsibility if he has failed to comply with the duty of being alert and on the lookout. Failure to do so, under the facts of this case, is negligence. Therefore the court *a quo* acted correctly in concluding that since the driver of the vehicle of the Stuckert Motor Company had the opportunity to see the child and take due precautions to avoid the accident, and failed to do so, he is liable for the damages caused. Other circumstances which tend to establish the negligence of said driver, are the following: (*a*) the brakes were applied after running over the child and (*b*) it was after the collision that the vehicle swerved to its left. Had he looked carefully he would have seen the child with sufficient time to apply the brakes before the collision, or to swerve to the left. All the circumstances in this case indicate that the accident was due to the negligence of the driver

and not to the negligence of the minor or to his contributory negligence. The first two errors were not committed.

The other three errors are predicated on an erroneous premise. Defendants-appellants complain that the court *a quo* decided this case on the basis of the last clear chance doctrine, when neither the facts alleged nor those proved give margin for the application of said doctrine. They based their assertion on the language used by the court in concluding that since the driver had the opportunity to see the child before the accident and considering the other circumstances, such as the speed at which said vehicle was traveling, the visibility in that place, the width of the small bridge, the location of the weeds or groves, etc., said conductor could have swerved to the left in time to avoid striking the minor. However, a close examination of the findings of the lower court reveal that the judgment appealed from is not based in the last clear chance doctrine but on the negligence of the driver, said negligence consisting in his failure to comply with his duty of being mindful of what was ahead of him, and which he could have perceived, had he been careful. By stating that the driver had the opportunity to swerve the vehicle to the left the court merely points out one of the precautions which the driver ought to have exercised in order to avoid the accident. Therefore, a further consideration of these errors is unnecessary. The same were not committed. This being so, we dispose of the appeal of defendants-appellants. Now, let us pass on to consider the appeal taken by plaintiffs and appellants.

The only question to decide is whether the award granted to plaintiffs is reasonable. Considering that the minor, plaintiffs' child, was eight years old at the time of the accident, that he was a normal child, and that he had studied his first grade in elementary school, we must conclude that the lower court did not take into consideration the present tendency of this Court to grant higher awards than formerly. *Graniela* v. *Yolande, Inc.*, 65 P.R.R. 100 and *Rojas* v. *Mal-*

*donado*, 68 P.R.R. 757. Therefore, the error assigned by plaintiffs-appellants was committed. And inasmuch as there is basis in the evidence to increase the damages for mental and moral anguish and physical sufferings, to the amount of $7,000, as requested by said appellants in their brief before us, the judgment appealed from will be modified in that sense and as modified, affirmed.