35476.   RUTLEDGE *v.* CROWE, by next friend.

DECIDED APRIL 6, 1955.

801

*Alfred D. Quillian, Powell, Goldstein, Frazer & Murphy, E. E. Dorsey, James Hill,* for plaintiff in error.

*W. L. Nix, E. W. White,* contra.

NICHOLS, J. ■ The 4th special ground of the motion for new new trial complains of the charge: "Defendant says further that at all times mentioned in the plaintiff's petition the plaintiff, Barbara Ann Crowe, was a minor in the sole custody and control of her mother and that her mother was then and there exercising sole parental control and was responsible for the conduct and safety of the plaintiff, Barbara Ann Crowe. He says further that all of the alleged injuries and damages complained of in the plaintiff's petition was directly and proximately caused by the plaintiff's mother, Mrs. Lois Crowe, and by the negligent acts of the plaintiff's mother, and further that plaintiff's mother could have by the exercise of ordinary care avoided the consequences to her minor child of the alleged negligence, if any, of the defendant. He further says that the negligence of the plaintiff's mother in so far as it related to the custody, care and control of the plaintiff was equal to or greater than that of the defendant, if any." The criticism is that these contentions of the defendant had been stricken on demurrer, and the charge was therefore misleading to the jury in that it led them to be-

■

lieve the defendant could introduce proof to substantiate his contentions.

In giving the charge, the trial court was stating the contentions of the defendant as he understood them, and it is the duty of counsel to aid the court in determining what issues should be submitted to the jury. *Anderson* v. *State*, 196 *Ga.* 468, 471 (26 S. E. 2d 755); *Deaton* v. *Swanson*, 196 *Ga.* 833 (5) (28 S. E. 2d 126); *Edmiston* v. *Whitney Land Co.*, 198 *Ga.* 546, 549 (32 S. E. 2d 259); *Palmer* v. *Hinson*, 201 *Ga.* 654, 657 (40 S. E. 2d 526). The above contentions were set forth in paragraphs 20 and 21 of the defendant's answer. Paragraph 20, wherein it was averred that the plaintiff was a minor and that her mother was responsible for her safety, was stricken on demurrer. However, the demurrer to the remaining averments as set forth in paragraph 21 was sustained only in so far as it related to the acts of negligence of the plaintiff's mother. Paragraph 22, wherein the defendant averred that the joint negligence of the plaintiff and her mother was the sole and proximate cause of the accident, was not stricken on demurrer. In other portions of the charge the judge told the jury: that he had stated substantially what the plaintiff and the defendant set out in their pleadings; that what the court had stated was not evidence, and was not to be considered as evidence; that it was simply the statements of the contentions of the parties as set out in their pleadings; and that the jury could take and examine the pleadings when they retired.

Furthermore, the charge complained of was not erroneous where the defendant introduced evidence to the effect that, on the occasion of the injury, the mother left the plaintiff and other small children at home unattended by any adult, and without any supervision of an older person.

■ The 5th special ground complains of the charge: "In approaching any person walking in the roadway or traveling any public street or highway the operator of a motor vehicle shall at all times have the same under immediate control. It is the duty of an operator of a motor vehicle to have the same under immediate control both when he is conscious of the presence of a pedestrian on the highway and also when he should by the exercise of ordinary care have discovered the presence of such pedestrian."

In giving the above instruction, the trial court paraphrased Code § 68-304. The State highways are provided for the use of pedestrians as well as for motor vehicles, and drivers of motor vehicles are under the duty to exercise ordinary care in the operation of such vehicles on the highways, to avoid injury to pedestrians thereon, in like manner as they are under such duty to other lawful users of the highway by motor vehicles. *Sprayberry* v. *Snow*, 190 *Ga.* 723, 728 (10 S. E. 2d 179).

The charge complained of was proper in view of the allegation in the petition that the defendant was negligent in not bringing his automobile to a stop before striking the petitioner.

■ The 6th special ground complains of the charge: "These traffic regulations which I have just given you as the law of this State applicable to this case, that is applicable to the pleadings and evidence, are put down as directions under law and a violation of any one or more of them would constitute what is called negligence per se, that is negligence as a matter of law without further proof of negligence than a violation of such traffic law or regulation."

These instructions were given after the trial court had charged with reference to various traffic regulations set forth in Code § 68-301 et seq., in so far as they were applicable to the pleadings and evidence. The charge complained of was not erroneous because, as contended, it was tantamount to an instruction that all of the traffic regulations were applicable to the pleadings and the evidence, when this was an issue for the jury.

■ The 7th special ground complains of the charge: "If the jury should believe that the plaintiff, Barbara Ann Crowe, suffered injury as alleged and if the same was due to the negligence of the defendant, C. A. Rutledge, as alleged, and that plaintiff, Barbara Ann Crowe, could not have prevented the same by the exercise of that care on her part which I have just instructed you about, she would be entitled to recover on account of the damage sustained."

The above instruction was properly adjusted to the pleadings and the evidence in the present case. The charge as a whole was full and fair and adequately covered the contentions of the parties and the principles of law applicable thereto.

■ On the date of the injury, the plaintiff was between 11 and

12 years of age, and the trial court charged that, "if the jury should find that the degree of negligence attributable to the plaintiff was less than that attributable to the defendant, the plaintiff would be entitled to recover, but not the full amount of her damages, those damages when ascertained should be reduced by the jury in proportion to the degree of negligence attributable to the plaintiff."

There is no contention that the plaintiff was not permanently injured. However, it is urgently insisted that her injury was not caused by any negligence upon the part of the defendant. The evidence, though conflicting on the question of whether or not the alleged negligence of the defendant was the sole and proximate cause of the injury, was sufficient to authorize the verdict for the plaintiff, and the trial court did not err for any reason assigned in denying the defendant's motion for new trial as amended. *Jackson* v. *Criner*, 69 *Ga. App.* 18, 24 (24 S. E. 2d 603); *Christian* v. *Smith*, 78 *Ga. App.* 603, 606 (51 S. E. 2d 857).

*Judgment affirmed.* *Gardner, P. J., concurs. Felton, C. J., concurs in the judgment.*