### 40360. GRIFFIN v. ODUM.

*Memory, Barnes & Memory, S. F. Memory, Jr.,* for plaintiff in error.

*Benjamin Smith, Jr., Leon A. Wilson, II,* contra.

Jordan, Judge. This was a suit by the plaintiff to recover damages for personal injuries sustained by him when he was struck by an automobile operated by the defendant as the plaintiff was attempting to walk across Nicholls Street in the City of Waycross, shortly before dawn on the morning of January 16, 1962. The jury returned a verdict for the plaintiff, and the trial court denied the defendant's motion for a new trial. The exception is to that judgment.

■ Error is assigned in special ground 2 of the amended motion for new trial on the following excerpt from the charge of the court: "I charge you, lady and gentlemen of the jury, that when traffic control signals are not in place, or not in operation, the driver of a vehicle shall yield the right of way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger; but no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield."

It is contended that this charge, which embodied the provisions of *Code Ann.* § 68-1656 (a), was erroneous and prejudicial to the defendant since it authorized the jury to find that the plaintiff had the right of way as a pedestrian crossing a street within a statutory crosswalk when the evidence did not show the presence of a crosswalk within the area of the crossing where the plaintiff was struck by the defendant's automobile.

Since it is undisputed that there was no marked crosswalk on Nicholls Street within the area of the crossing, the determi-

nation of this issue must turn on the question of whether or not a finding was authorized under the evidence in this case that the plaintiff was crossing Nicholls Street at the time of the occurrence within a statutory unmarked crosswalk. If such finding was not authorized, then the giving of the charge complained of would clearly constitute prejudicial error as erroneously warranting the jury to conclude that the plaintiff had the right of way under the provisions of *Code Ann.* § 68-1656 (a) at the time he was struck by the defendant's automobile.

An unmarked crosswalk is defined in *Code Ann.* § 68-1504 (3) (a) as: "That part of a roadway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured from the curbs, or in the absence of curbs from the edges of the traversable roadway." Under this definition the essential elements necessary for the presence of an unmarked crosswalk are (1) an intersection of public streets or highways (See *Code Ann.* §§ 68-1504 (1) (a, c), (2) (a), for the definition of "street", "highway", "roadway", and "intersection"); and (2) the presence of sidewalks on opposite sides of the streets or highways at such intersection, the lateral lines of which may be connected to form the unmarked crosswalk.

The evidence in this case disclosed that the plaintiff was struck by the defendant's automobile at a point near the center of Nicholls Street and approximately 10 feet south of the intersection of Nicholls Street and a "dirt street" or "driveway" which entered Nicholls Street from a northeasterly direction and terminated. There was no evidence that this "driveway" or "dirt street" entering Nicholls Street was publicly maintained, nor was there evidence showing the presence of sidewalks on either side of such street or driveway. But assuming that this was an intersection of public streets and that there were sidewalks on either or both sides of such street, there could be no unmarked crosswalk here according to the definition set forth in the Code.

This definition implies that an unmarked crosswalk can exist only if a street's sidewalk is intersected and continues on after such intersection. Otherwise, there can be no "connection of the

lateral lines of the sidewalks on opposite sides of the highway," as is the case when there is only a "T", or variated "T" type intersection as here involved. Where there is this type intersection, the sidewalk terminates at such intersection, and no crosswalk exists unless it is marked as such.

This conclusion had been reached by other courts in jurisdictions where the definition of an unmarked crosswalk is identical with the language of our statute, Langlois v. Rees, 10 Utah 2d 272 (351 P2d 638), and Martin v. Harrison, 182 Ore. 121 (186 P2d 534), and to hold otherwise would render incapable of ascertainment the external imaginary lines of the unmarked crosswalk by either the motorist or the pedestrian. See St. George v. Lollis, 209 Minn. 322 (296 NW 523).

Under these circumstances, it was error for the court to give in charge to the jury the provisions of *Code Ann.* § 68-1656 (a), and thus improperly authorize the jury to conclude that the plaintiff had the right of way as a pedestrian crossing the street within a statutory crosswalk; and such error requires the grant of a new trial under the facts and circumstances of this case.

2. The remaining special ground assigned error on the following excerpt from the charge of the court: "I charge you that where there is an accident and a pedestrian is hit by an automobile which, at the time, is being operated on its left side of the road, the presumption is against the driver of the automobile."

It is contended by the defendant that this charge was incomplete and confusing and misleading to the jury since the trial court failed to define the nature of the presumption alluded to, and the legal effects of said presumption; that said charge, as given, was calculated to cause the jury to believe that upon proof that the defendant's automobile was on its left side of the road at the time of the occurrence it must find that the plaintiff was entitled to recover without further proof of actionable negligence or proximate cause; that said charge illegally shifted the burden of proof from the plaintiff to the defendant; and that said charge was harmful and prejudicial to the defendant since the evidence showed that at least some part of the defendant's automobile was on the left side of the road at the time of the occurrence, and that the giving of said charge was therefore tantamount to directing a verdict against the defendant.

The plaintiff contends that this charge was correct as an abstract principle of law, and that if the defendant considered the charge incomplete or desired additional instructions, he should have requested them. While the language of the charge complained of may be found in at least two opinions of this court, see *Eubanks v. Mullis,* 51 Ga. App. 728, 731 (181 SE 604), and *Jackson v. Crimer,* 69 Ga. App. 18, 24 (24 SE2d 603), in which the court stated: "It has been held that where there is an accident and a pedestrian is hit by an automobile which at the time is being operated on its left side of the road, the presumption is against the driver of the automobile", the correctness of this charge as an abstract principle of law has not been directly ruled upon; nor has judicial scrutiny been given to the criticisms lodged against said charge in the defendant's assignments of error relied upon here. In *McGee v. Young,* 132 Ga. 606 (4), 608 (64 SE 689), which is the authority cited and relied upon by the court in the *Eubanks* and *Jackson* cases in support of the statement referred to above, the following charge was attacked by the defendant on the ground that the evidence did not authorize a finding that he was on the wrong side of the road: "If a collision takes place and a party is on the wrong side of the road, the presumption is generally against the party on the wrong side of the road. This applies to whichever of the parties in this case you may find, if either, was upon the wrong side of the road." The court in ruling on this ground in the *McGee* case specifically pointed out that the accuracy of said charge as a legal proposition was not questioned by the assignment of error and held that since the evidence showed that the plaintiff and not the defendant was on the wrong side of the road at the time of the collision, the charge was beneficial and not harmful to the defendant.

In the present case, however, the evidence did show that at least some part of the defendant's automobile was on its left side of the roadway at the time the plaintiff was struck; and in our opinion the charge complained of was subject to the criticism that the jury might assume under said charge that the "presumption" referred to therein was one of absolute liability and that upon proof of the defendant's automobile being on the

wrong side of the roadway, a verdict would ipso facto be demanded for the plaintiff.

This, of course, is not the law, for as stated by the Supreme Court in *Chenall v. Palmer Brick Co.*, 117 Ga. 106, 108 (43 SE 443): "There is no absolute presumption of negligence in any case under our law." Even where an act constitutes negligence as a matter of law as being in violation of a duty created by statute or valid municipal ordinance, the commission of the act would not raise a presumption of liability against the negligent party for it must further be shown that said act was the proximate cause of the alleged injury.

The trial court in this case gave to the jury the provisions of *Code Ann.* § 68-1633, which provide that upon roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, with certain exceptions (none of which were applicable to this case), and under the evidence adduced on the trial it would have been proper for the court to have instructed the jury that the violation of the duty imposed by this Code section would constitute negligence as a matter of law, along with cautionary instructions as to proximate cause. The charge complained of, however, was, in our opinion, subject to the attack that it was confusing and misleading to the jury, and should not be repeated on the subsequent trial of this case.

■ The general grounds of the motion for new trial have been abandoned.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*