## A89A0525. KELLEY v. HORN.
(383 SE2d 638)

BANKE, Presiding Judge.

While travelling on I-75 just south of Atlanta, the appellee's decedent, Benita Horn, was struck head-on and killed by the appellant's decedent, Glenn Ford Rives, who was driving on the wrong side of the highway and was also killed in the collision. Acting in her own behalf and as executrix of Ms. Horn's estate, Ms. Horn's mother, Ola Mae Horn, brought the present action against Lucille Kelley, as executrix of Rives' estate, to recover damages for Rives' negligence. A jury returned a verdict in favor of Ms. Horn in the amount of $650,000, and Ms. Kelley filed this appeal. *Held*:

1. During the trial, the appellee called as a witness an individual who, some six weeks prior to the collision, had assisted Rives in reclaiming his automobile from the Macon Police Department following an incident in which Rives had become disoriented while driving in that city. This witness testified that Rives had told him following this incident "that he was blocking traffic and . . . didn't know exactly where he was." The appellant contends that the trial court erred in not allowing her counsel to ask this witness the following question on cross-examination: "[N]ow, the reason he was blocking traffic was, primarily, because he was confused and disoriented; is that right?" The trial court sustained an objection to this question by the appellee on the ground that it called for speculation and conclusion on the part of the witness.

The court's ruling was correct. The witness had not been present at the scene of the incident in question and thus could not have had any first-hand knowledge of the reason Rives was blocking traffic. His relevant knowledge in this connection was thus limited to what Rives had told him. See generally OCGA § 24-3-8. Furthermore, the court's ruling would appear to have been harmless to the appellant, for it is evident both from the form of the question and from the testimony which had already been offered by the witness that appellant's counsel was anticipating a positive response to the question; and it has not been suggested how such a response could possibly have been beneficial to the appellant's cause.

2. The appellant enumerates as error the trial court's refusal to charge the first sentence of OCGA § 51-11-7, as follows: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." Not only did the appellant fail to object to the court's failure to give this requested instruction, he conceded, while interposing a different objection to the court's charge, that there was no evidence to support it. In fact, he asked the court at this time to instruct the jury that the appellant was *not* asserting the defense of avoidance, stating: "The

court also said that we contend that the plaintiff could have avoided the collision, and really there is no evidence of that. And, in fact, the court, we offered that as a charge and the court didn't charge that. So that's not really a contention that we are making in the case now, and we would respectfully ask the court to instruct the jury that we are not making those contentions in this case." Under the circumstances, the trial court quite obviously did not err in failing to give the requested charge.

3. Nor did the court err in charging the jury that Rives could be considered guilty of negligence per se if it were determined that he had been driving on the wrong side of a divided highway, in violation of OCGA § 40-6-50. Contrary to the appellant's contention on appeal, the trial court did not suggest to the jury that the mere showing of such a violation would be sufficient in and of itself to establish liability on the part of the appellant. Rather, the court specifically instructed the jury that it was also necessary to show that the alleged unlawful act was "the proximate cause of the injury or damage claimed to have been sustained." Compare *Griffin v. Odum*, 108 Ga. App. 572 (2) (133 SE2d 910) (1963).

4. The verdict was authorized by the evidence.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 22, 1989.

*John L. Hammaker, Charles W. Smith, Jr.*, for appellant.
*McLain & Merritt, Albert J. Decusati*, for appellee.