A97A0052. McKENZIE et al. v. DETENBER.
(487 SE2d 497)

ANDREWS, Chief Judge.

The McKenzies and Christman, plaintiffs below, appeal from the trial court's grant of partial summary judgment to Detenber on the question of whether an intersection qualified as an unmarked crosswalk for purposes of their negligence suit arising from being struck by Detenber's car while crossing Pharr Road in Atlanta.[1]

It is undisputed that Pharr Road runs east and west and is intersected on its south side by Boling Way, which dead ends at Pharr Road, forming a "T" intersection.

We agree with the trial court that this issue is determined by the clear language of OCGA § 40-1-1 (10) and our previous holding in *Griffin v. Odum*, 108 Ga. App. 572, 574 (133 SE2d 910) (1963). "Crosswalk" is defined by the statute as "(A) That part of a roadway at an intersection included within the connections of the *lateral lines* of the sidewalks on *opposite sides* of the highway measured from the curbs or in the absence of curbs, from the edges of the traversable roadway; or (B) Any portion of a roadway at an intersection or elsewhere distinctly indicated for pedestrian crossing by lines or other markings on the surface." (Emphasis supplied.)

While the dirt street or driveway forming the "T" intersection in *Griffin* was not found to be publicly maintained nor were sidewalks present, as required for the statute to be applicable, we find the logic used there in construing the statute compelling, even if dicta. As stated, "there could be no unmarked crosswalk here according to the definition set forth in the Code. This definition implies that an unmarked crosswalk can exist only if a street's sidewalk is intersected and continues on after such intersection. Otherwise, there can be no 'connection of the lateral lines of the sidewalks on opposite sides of the highway,' as is the case when there is only a "T", or variated "T" type intersection as here involved. Where there is this type intersection, the sidewalk terminates at such intersection, and no crosswalk exists unless it is marked as such." *Griffin*, supra at 574-575, citing *Langlois v. Rees*, 351 P2d 638 (Utah 1960) and *Martin v. Harrison*, 186 P2d 534 (Ore. 1947).

---

[1] The standard of care to be considered differs if the place of crossing is considered an unmarked crosswalk. See *Conner v. Mangum*, 132 Ga. App. 100, 104 (207 SE2d 604) (1974).

We also find persuasive cases from sister states which have reached the same conclusion based on identical wording of their statutes. See, e.g., *Garrett v. Nagel*, 417 NW2d 855 (N.D. App. 1988); *Kauffman v. Schroeder*, 568 P2d 411 (Ariz. 1977); *Souvorin v. Lerich*, 180 S2d 180, 182 (Fla. App. 1965) (all citing *Griffin*, supra); compare *Fan v. Buzzitta*, 344 NYS2d 788 (1973).

That many pedestrians cross where plaintiffs were hit does not make a crosswalk of it. *Conner*, supra at 104.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED JUNE 10, 1997.

Before Judge Baxter.

*Robert Altman, Richard E. Stark*, for appellants.

*Hertz & Link, Houston D. Smith III, Leah R. Simpson*, for appellee.