■ IRENE VANBENSCHOTEN, as Guardian ad Litem of DOROTHY J. HARRIS, an Incapacitated Person, Appellant, v NICHOLAS PITARYS, SR., Respondent. [726 NYS2d 515] —Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Plaintiff commenced this action on behalf of her sister, Dorothy J. Harris, who was injured when she was struck by a motor vehicle operated by defendant on Main Street in the Village of Groton. Plaintiff appeals from a judgment entered upon a jury verdict of no cause of action.

Because of the uncertainty concerning the location of the accident in relation to the T-intersection where Elm Street meets Main Street, Supreme Court erred in failing to charge Vehicle and Traffic Law § 1151 (a) and to provide the jury with the definition of an unmarked crosswalk at a T-intersection (*see, Fan v Buzzitta*, 42 AD2d 40; *see generally*, 1A NY PJI 367 [3d ed 2001]). Plaintiff's exhibits Nos. 5 and 9 and the testimony of the Village of Groton police officer are some evidence that the accident occurred within the unmarked crosswalk extending from the north side of Elm Street across Main Street (*see, Kochloffel v Giordano*, 99 AD2d 798, 798-799; *see also, Holt v New York City Tr. Auth.*, 151 AD2d 460, 461). "More significantly, however, the court charged that a pedestrian outside the crosswalk must yield to vehicles in the roadway. Therefore, the court should have given the instruction requested by the plaintiff in order to provide a balanced jury charge" (*Conradi v New York City Tr. Auth.*, 249 AD2d 436, 436-437; *see, Fan v Buzzitta, supra*). Thus, plaintiff is entitled to a new trial. (Appeal from Judgment of Supreme Court, Onondaga County, Stone, J.—Negligence.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.