13037. TERRELL, next friend, *v.* GIDDINGS & SON.

JENKINS, P. J. The declaration in attachment, filed in behalf of a 14-year old girl, for damages for personal injuries, in effect alleged: that while the defendant was engaged in grading and soiling a public road, its vice-principal in charge of the work negligently and wantonly and without necessity placed and left in and near the mouth of a public sewer on a described public road a highly explosive and dangerous dynamite cap, which was attractively wrapped in paper and placed in a small box; that a named boy, 12 years of age, attracted by its appearance, but, because of his tender years, unaware of its nature or dangerous character, carried it to the home of the petitioner, who, being also of tender years and unaware of its dangerous character, took the dynamite cap from the boy, and in playing with it scratched it with a pin, causing an explosion which resulted in the injuries sued for.

The petition charges negligence, (1) in thus placing the dynamite cap where persons might discover it and receive injuries therefrom; (2) in not properly safeguarding the sewer where it was placed, so that the cap could not be removed by children; and (3) in carelessly, wantonly, and without necessity so placing the cap in total disregard of life. The court sustained a general demurrer to the petition. *Held:*

1. If, as contended by counsel for the defendant in error, the defendant did not owe the plaintiff any legal duty which it neglected to perform, no action could be maintained for negligence on its part. Actionable negligence does not exist in the absence of the breach of some legal duty. *Savannah &c. Ry. Co.* v. *Beavers,* 113 *Ga.* 398 (39 S. E. 82, 54 L. R. A. 314). The entire absence of blame on the part of a plaintiff does not, therefore, necessarily establish a fault on the part of a defendant, since an accident may be a mere casualty for which no one is to blame. *Chenall* v. *Palmer Brick Co.,* 117 *Ga.* 106 (43 S. E. 443); *Atlanta Coca-Cola Bottling Co.* v. *Danneman,* 25 *Ga. App.* 43 (102 S. E. 542). But all persons are presumed to anticipate the reasonable and natural consequences of their own conduct, and it was a question for the jury whether the defendant ought to have anticipated an injury such as is alleged in the petition as a reasonable and natural consequence of its alleged conduct in placing the attractively wrapped and highly explosive dynamite cap in and near the mouth of a public sewer on a public highway, where, it is alleged, it reasonably might and in fact did attract the attention and incite the curiosity of children. *Wallace* v. *Matthewson,* 143 *Ga.* 236 (84 S. E. 450); *Mills* v. *Central of Ga. Ry. Co.,* 140 *Ga.* 181 (78 S. E. 816, Ann. Cas. 1914C, 1098); *Mayor &c. of Unadilla* v. *Felder,* 145 *Ga.* 440 (89 S. E. 423); L. R. A. 1917, annotations, p. 1295. The question cannot be determined as a matter of law under the rulings which have restricted the right of trespassers on private property to recover for injuries. *Savannah &c. Ry. Co.* v. *Beavers,* supra; *Southern Cotton Oil Co.* v. *Pierce,* 145 *Ga.* 130, 132 (88 S. E. 672).

2. Nor can it be said, as a matter of law, that the negligence of the defendant, if there was negligence, did not constitute the proximate cause of the injury, but that the injury was brought about by the intervening act of another. See *Spires* v. *Goldberg,* 26 *Ga. App.* 530 (106 S. E. 585), and cases there cited; *Hardwick* v. *Figgers,* 26 *Ga. App.* 494. (106 S. E. 738).

*Judgment reversed. Stephens and Hill, JJ., concur.*<br>DECIDED JUNE 14, 1922.

Action for damages; from city court of Newnan — Judge Post. October 24, 1921.

*A. H. Freeman,* for plaintiff.   *T. G. Farmer Jr.,* for defendant.