## HASTINGS *v.* HASTINGS.

BELL, J. 1. Allegations in a caveat to the probate of a will, "that the deceased had been insane for six or seven years prior to his death, was insane at the time the alleged will was signed, if he ever signed it, and that said alleged will is only the will" of named beneficiaries and "ought not to be probated as the will" of the alleged testator, and that the caveatrix had paid the funeral expenses of the decedent without any knowledge that the named chief beneficiaries "had had decedent make a will giving them everything he had, if he ever signed the will," were insufficient to present any issue as to fraud or undue influence. Nor did the caveat contain other allegations sufficient to raise either of these issues. *Field* v. *Brantley,* 139 *Ga.* 437 (3) (77 S. E. 559); *Bohler* v. *Hicks,* 120 *Ga.* 800 (6) (48 S. E. 306).

2. The only issues raised by the caveat being whether the testator had sufficient mental capacity to execute a will, and whether he was laboring under a mistake of fact as to the conduct of his wife (the caveatrix), who was his sole heir at law; and there being no evidence of fraud or undue influence, the trial judge erred in charging the jury upon the latter subjects. *Edenfield* v. *Boyd,* 143 *Ga.* 95 (3) (84 S. E. 436).

3. Where instructions are given that are not warranted by the evidence and are calculated to mislead and confuse the jury, the error requires a new trial. *Central Georgia Power Co.* v. *Cornwell,* 139 *Ga.* 1 (2 a) (76 S. E. 387, Ann. Cas. 1914A, 880). The jury in the present case having found a verdict in favor of the caveatrix and against the probate of the will, the error in the charge as indicated was apparently harmful to the propounder, and a new trial should have been granted.

4. The admission of the evidence referred to in the amendment to the motion for a new trial was not erroneous for any reason stated in the objection thereto.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent.*

No. 8923. OCTOBER 13, 1932.

806

*Ripley & Bailey,* for plaintiff.
*V. E. Adams* and *A. C. Minhinnett,* for defendant.