34238. SCOGGINS *et al. v.* PEGGY ANN OF GEORGIA
INCORPORATED.

DECIDED OCTOBER 16, 1952.

*Jefferson L. Davis, J. R. Cullens,* for plaintiff in error.

*T. J. Long, Nick Long Jr.,* contra.

GARDNER, P. J. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code, § 105-401. The petition, as last amended, set out facts tending to show that the defendant, Peggy Ann of

Georgia Inc., was liable to the plaintiffs under the above Code section. See *Williamson* v. *Southern Ry. Co.*, 42 *Ga. App.* 9 (155 S. E. 113). It was under the duty of keeping the bus stop and approaches thereto in a reasonably safe condition, and it cannot be said as a matter of law that this defendant had complied with its duty in this regard, when it, with knowledge that the bus, in which the deceased was riding as a passenger, had been stopped on this steep incline, failed and neglected to place under the wheels of this bus these "scotch" blocks, which had been furnished to it for that very purpose, and which blocks had been accepted by Peggy Ann of Georgia Inc. for the purpose of using them to "scotch" wheels of all busses stopping there. Ordinarily questions of negligence, proximate cause, etc., are questions for the jury, under proper instructions from the court. See *Southern Railway Co.* v. *Slaton*, 41 *Ga. App.* 759(3) (154 S. E. 718). This case as now presented is not one where the court should have determined, as a matter of law, that the defendant was not negligent as charged in the petition, as amended. Under the allegations of the plaintiffs' petition, as amended, it appeared that the defendant owed to the decedent the duty of maintaining its premises and the approaches thereto in a reasonably safe condition, that this was a regular bus rest stop and the busses that necessarily stopped there had to be parked on this steep incline, that in order for a bus to stand firmly and remain safely parked at this place, it was necessary that "scotch" blocks be placed under the wheels, the defendant having been furnished with and accepted such blocks for that express purpose, that in order to comply with its duty to maintain a safe parking place for the bus in which the decedent was riding and in which she had been invited upon the premises of said defendant at said place, it was necessary that these blocks be placed under the wheels of such bus, and that this defendant, with knowledge that the bus had stopped in front of the rest station, had failed in the performance of its duty in the above regard, resulting in the death of the decedent.

The jury would have been authorized to find that the failure of the defendant to "scotch" the wheels of this bus on this occasion was negligence and that this negligence was a proximate cause of the injury and death to the wife and mother of

the plaintiffs. It, therefore, follows that the trial court erred in sustaining the general demurrer and dismissing the plaintiffs' petition, as last amended.

But it is insisted that this court having held that under the allegations of the petition when the case was previously before this court (See *Peggy Ann of Georgia Inc.* v. *Scoggins,* supra) it appeared that the proximate cause of the death of Mrs. Scoggins was the negligence of the bus company in failing to properly apply the brakes or in having defective brakes so that the bus started rolling backwards and she was fatally injured, being told to jump by said bus driver, and that, therefore, the effect of the amendment did not eliminate this from the plaintiffs' petition and under the decision of this court in that case, the negligence of the bus company and not of this defendant was as a matter of law the sole proximate cause of the death of the decedent, and the petition was still subject to said demurrer. The court further held in that case that the petition, "must be taken as showing that the bus rolled backwards down the incline only because of defective brakes, and that if they had been efficient the injury and death of Mrs. Scoggins would not have occurred." The defendant now contends that the fact that the accident was caused by these defective brakes is still in the case, although the plaintiffs had by their amendment made before the remittitur was entered up in the trial court, eliminated these allegations from their petition, for the reason that this court will take judicial cognizance of the fact that efficient and effective brakes will hold a motor vehicle on an incline, unless some external force be applied, which it did not appear was applied here. See *Georgia Highway Express* v. *Sturkie,* 62 *Ga. App.* 741, 746 (9 S. E. 2d, 683). Therefore, the defendant urges, even though the plaintiff now alleges that the bus began rolling backwards down this incline because the wheels were not checked or scotched by this defendant, if it was under the duty to do so, this court will take judicial cognizance that the bus began rolling backwards because of defective brakes, and that it, therefore, appears, as a matter of law, that the death of Mrs. Scoggins resulted from defective brakes alone and that the failure of this defendant to place the blocks under the bus wheels was not a proximate cause thereof. With this

we cannot agree; the question is one for the jury, under all the allegations of the petition, as amended by the plaintiffs, and a finding that this defendant was negligent, as set out by the plaintiffs, and that this constituted a proximate cause of Mrs. Scoggins' death would, if proved, be authorized. See *Southern Railway Co.* v. *Tankersley*, 3 *Ga. App.* 548, 552 (60 S. E. 297); *Moone* v. *Smith*, 6 *Ga. App.* 649, 652 (65 S. E. 712). It must be kept in mind that when the case was here before the bus company was not a party. And too, it must be kept in mind that the amendment to the plaintiffs' petition filed before the remittitur of this court was made the judgment in the court below, in our opinion materially changed the allegations of the petition against Peggy Ann of Georgia Inc., in that the amendment alleged that the defendant accepted these stop blocks for the purpose of being used to "scotch" all busses stopping on the defendant's premises. And that the defendant was negligent in not so using the said blocks and thereby causing or contributing to the proximate cause of the death of the wife and mother.

It follows that the trial court erred in sustaining the demurrer to the petition of the plaintiffs as amended in the trial court after the judgment of this court therein but before the remittitur had been entered up therein.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*