34950. WRIGHT CONTRACTING COMPANY *v.* WALLER.
34999, 35000. TUGGLE *v.* WALLER; and *vice versa*.

828

DECIDED FEBRUARY 27, 1954—REHEARING DENIED MARCH 17, 1954.

830

*Anderson, Anderson, Walker & Reichert,* for Wright Contracting Co.

*Erwin Sibley,* for W. E. Tuggle.

*Randall Evans, Jr., Peter J. Rice,* for W. I. Waller.

FELTON, C. J. ■ We shall first consider case number 34950, Wright Contracting Company *v.* Waller.

■ The defendant in error moves for a dismissal of the writ of error on the ground that the plaintiff in error did not name his joint defendant below as defendant in error in his bill of exceptions. The motion is without merit. Each defendant filed separate demurrers to the petition as recast, not challenging the plaintiff's right to *any relief,* but alleging that the petition did not state a cause of action as to the *individual defendant* so demurring. The defendants' separate demurrers were overruled, and they except by separate bill of exceptions. Where joint defendants demur separately to a petition, alleging that the petition does not state a cause of action as to the individual defendant demurring, and the court overrules such demurrers, each defendant may except to such judgment in a separate bill of exceptions without making the other defendant a party thereto. *Cox* v. *Hardee,* 135 *Ga.* 80 (1) (68 S. E. 932); *Edwards* v. *United Foods Brokers, Inc.,* 195 *Ga.* 1, 5 (1) (22 S. E. 2d 812); *Moore* v. *Harrison,* 202 *Ga.* 814, 817 (44 S. E. 2d 551). The motion to dismiss the writ of error is denied.

■ The petition does not allege a good cause of action against Wright Contracting Company. The case as to that company is controlled by *Peggy Ann of Georgia, Inc.* v. *Scoggins,* 86 *Ga. App.* 109 (71 S. E. 2d 89). In that case Peggy Ann of Georgia, Inc., operated a place of business commonly known as Peggy Ann Bus Stop, which was designated by Southeastern Greyhound Lines, Inc., as a "rest stop." "The approaches to the bus stop consist of a sharp incline on both the north and south approaches thereto," and the "whole parking area was on a steep slope." The plaintiff's decedent was a passenger on a bus which had been parked in the defendant's parking area and was fatally injured when the bus suddenly rolled backward from its parking place and the deceased jumped from the bus to escape the perilous situation. One of the acts of negligence alleged against Peggy Ann was failure "to keep and maintain a safe and proper place for buses to take on and discharge passengers and for buses to stop while loaded with fare-paying passengers . . ." This court held that the petition did not state a good cause of action against Peggy Ann of Georgia, Inc., because it showed that the

proximate cause of the injuries sued for was the negligence of the bus company and its driver in operating and parking the bus under the circumstances with defective brakes, which negligence intervened to break any causal connection between any negligence alleged as to Peggy Ann and the injuries sued for, and which negligence could not reasonably have been foreseen by Peggy Ann of Georgia, Inc. We think that what the court said in the *Peggy Ann* case concerning the defendant Peggy Ann of Georgia, Inc., is equally applicable in the instant case to the defendant Wright Contracting Company, that is, that the negligence alleged against the defendant Tuggle in not setting the brakes on his automobile and in not otherwise acting to prevent its rolling backward was the intervening and efficient cause which proximately caused the plaintiff's injuries, which negligence was not reasonably foreseeable by Wright. Contracting Company. The only reason the court in the *Peggy Ann* case went into the question as to whether the deceased was Peggy Ann's invitee was for the purpose of establishing what degree of care Peggy Ann owed the deceased. The court, in determining that she was an invitee determined that the care owed was ordinary care, the same degree of care owed by the defendant Tuggle to the plaintiff under the circumstances of this case.

Wright Contracting Company demurred to the original petition on the grounds that "said petition contains a misjoinder of causes of action, one cause of action being alleged against the defendants William Earl Tuggle and Wright Contracting Company growing out of alleged injuries received by the plaintiff on May 19, 1952, . . . and alleging an entirely different and separate cause of action against the defendant, Volunteer Clearing Company." The plaintiff contends, "By the language used in the demurrer itself, when construed most unfavorably to the pleader, it is admitted as a proposition of law that the petition in this case sets forth a cause of action against Wright Contracting Company, which admission as to said principle of law is binding upon the pleader." The contention is without merit. In the same demurrer the defendant alleges that the petition sets forth no cause of action as to it. The only construction that can reasonably be placed on the demurrer is that the plaintiff *sought to join,* in a single petition, two separate causes of action against

separate defendants, and in pointing out this defect the defendant in no way admitted that the petition on its merits alleged a *good* cause of action against it.

■ We next consider case number 34999, Tuggle *v.* Waller, and the cross-bill thereto, case number 35000.

■ As to the main bill, the petition alleges a good cause of action against the defendant Tuggle. The petition alleges that the defendant was negligent in parking his automobile on the incline and leaving it unattended without the brakes being set and without anything else being done to prevent its rolling down the incline. This court will take judicial cognizance of the fact that, in cases not involving unusual and extraordinary conditions and circumstances, effective and efficient brakes, if properly set, will hold an automobile on an incline, in the absence of some external force being applied. *Georgia Highway Express* v. *Sturkie,* 62 *Ga. App.* 741, 746 (9 S. E. 2d 683). It does not appear here that any external force was applied to the automobile, and it is a question for a jury as to whether the defendant Tuggle failed to exercise ordinary care and was negligent in leaving his automobile unattended on an incline without the brakes being set and without something else being done to prevent the automobile from rolling down the incline. Likewise, the question of the plaintiff's contributory negligence, if any, is one for a jury's determination, since we cannot say as a matter of law that he was negligent and that such negligence proximately caused his injuries. The plaintiff alleges that he did not know that the defendant had left the automobile unbraked and otherwise unsecured against movement, and that the automobile did not roll backward in the same tracks it made in parking.

■ The only special demurrer to the petition with merit is the one directed to the allegation that the automobile "lurched" backward. It is contended that the allegation is "contradictory of physical laws, and the same cannot be the basis of a cause of action." Webster's New International Dictionary (2d ed.) defines "lurch" to be "To roll or sway suddenly to one side, as a ship or a drunken man." In *Rome Ry. & Light Co.* v. *Keel,* 3 *Ga. App.* 769 (60 S. E. 468), it was said: "The case rests solely upon the proposition that a release of the brakes caused the car to jump forward with a jerk; a proposition wholly contradictory

■

of the laws of physics and to ordinary experience. . . The only forces tending to propel a car, when the current is off, are its momentum and, if the track be down-grade, gravity. Opposed to both of these forces is friction. . . When the current is not on, the releasing of the brakes does not, whether on level ground or on down grade produce any sudden jerk or jump of the car. . . A party will not be permitted to maintain in his pleadings a contradiction of those things of which the court is required to take judicial cognizance. Of the primary physical laws the courts must take notice. 16 Cyc. 854 (8). Therefore the pleading is demurrable when it sets up a contradiction of these laws. Since a physical impossibility can not exist at all, it can not be admitted even by demurrer. Such an allegation must be treated by the courts just as they would treat an allegation that what is not law is law, i.e., it must be wholly disregarded."

There is nothing alleged in the present case to show that any force except gravity acted in causing the automobile to move from its parking place. However, unlike the *Keel* case, the instant case is not rested "solely" on the proposition that the automobile lurched. Even with the word "lurched" stricken from the pleading, there is enough remaining to show that the automobile at least "rolled," however gradually and however slowly at first, from its parking place to where the plaintiff was standing some fifteen feet away and struck the plaintiff, who did not observe the automobile "rolling" or "coming" toward him until it was about five feet away. While the court erred in overruling the demurrer to the use of the word "lurched," this did not affect its ruling on the general demurrer.

■ Even though the cross-bill of exceptions does not assign error on a final judgment, under the principle announced in *Powell* v. *Powell*, 179 *Ga.* 817, 819 (3, 4) (177 S. E. 566) and *A. C. Alexander Lumber Co.* v. *Bagley*, 184 *Ga.* 352, 363 (2) (191 S. E. 446), we may consider the assignment of error made therein. The plaintiff moved the court to declare the case in default because the defendant's defensive pleadings were not served on the plaintiff prior to their being filed. The court denied the motion and the plaintiff excepted. The plaintiff relies on the case of *Payne* v. *Moore Finance Co.*, 87 *Ga. App.* 627 (74 S. E. 2d 746), to support his contention that failure of the defend-

ant Tuggle to serve the plaintiff with copies of his defensive pleadings prior to their filing is jurisdictional and mandatory, and that such failure renders the case in default. In the *Payne* case the court had under consideration Ga. L. 1946, pp. 761, 769 (Code, Ann. Supp., § 81-202), which provides: "Each copy [of a petition and process] served on the defendant shall show a date of service signed by the officer serving . . .", and construed the law to mean that the requirement stated above "is mandatory and jurisdictional in the absence of waiver of jurisdiction of the person." In the law treated in the *Payne* case, the General Assembly did not expressly provide for a penalty for failure of the serving officer to date and sign the copy of the petition and process served on the defendant, and the court had to determine the intent of the General Assembly from their language and the context of the statute. However, the law providing for service of defensive pleadings prior to their filing (Ga. L. 1953, Jan.-Feb. Sess., pp. 21, 22, amending Code § 81-301) provides in clear and unequivocal language the penalty for failure so to serve prior to filing, as follows: "Provided, that if the party filing the demurrer, plea or cross-action fails to serve the opposite party as provided in this section, the judge shall continue the entire proceedings to the next term of court upon motion made by the injured party." Under such provision, in the instant case the failure to serve the plaintiff with the defensive pleading prior to its filing did not render the case in default, but merely opened the case for a motion by the plaintiff to continue to the next term.

The court erred in overruling the general demurrer of Wright Contracting Company, and in overruling the special demurrer to the word "lurched," filed by the defendant William Earl Tuggle. The court did not err in overruling the other demurrers of the defendant Tuggle, and in denying the plaintiff's motion to declare the case in default.

*Judgment reversed in case number 34950. Judgments affirmed in cases numbers 34999 and 35000, except that the judgment on the special demurrer, treated in the opinion, is reversed. Quillian and Nichols, JJ., concur.*