35478. McCLELLAND *v.* NORTHWESTERN FIRE & MARINE INS. CO.

DECIDED MARCH 17, 1955.

**642**

*J. Ralph McClelland, Jr.,* pro se.

*Troutman, Sams, Schroder & Lockerman, Dan MacDougald,* contra.

NICHOLS, J. ■ After the conclusion of the evidence, the defendant tendered an amendment to its answer in which it was alleged in paragraph 1 that the policy provided that the defendant would not be liable for any damage caused by a mechanical failure unless the mechanical failure itself was caused by one or more of the perils covered by the policy, and then alleged in paragraph 2 that the cause of the car going down the driveway was either the failure of the brakes to properly hold the car, or the failure of the plaintiff to properly apply the brakes. This amendment was allowed by the court over the plaintiff's objection that it was not germane to and not supported by any evidence, and was prejudicial because it injected conjectural matter, inferences and conclusions which could not be drawn from any of the evidence. In special ground 1 of the motion for new trial, complaint is made that, because of the objections urged, the court erred in allowing the amendment. Since the insurance contract was in evidence and contained the provisions mentioned in the first paragraph of the amendment, there is no merit in the objection made to this paragraph. *Hyer v. C. E. Holmes & Co.,* 12 *Ga. App.* 837, 848 (79 S. E. 58). In the second paragraph, the defendant alleged what it conceived

to be the cause of the descent of the car. Since this court will take judicial cognizance of the fact that efficient and effective brakes will hold a motor vehicle on an incline unless some external force be applied, the allegation in paragraph 2 of the amendment was authorized under this principle of law. The presumption would be that, if the brakes were efficient and would hold the car on the incline unless some external force was exerted, its descent was caused either by the wind or because the brakes were not properly set. Accordingly, the defendant had the right to contend that either the brakes failed or were improperly set by the plaintiff. See *Georgia Highway Express* v. *Sturkie*, 62 *Ga. App.* 741, 746 (9 S. E. 2d 683); *Scoggins* v. *Peggy Ann of Ga.*, 87 *Ga. App.* 19, 23 (73 S. E. 2d 79); *Wright Contracting Co.* v. *Waller*, 89 *Ga. App.* 827, 833 (81 S. E. 2d 541).

■ The remaining grounds of the motion for new trial complain of several excerpts from the charge of the court, which involve objections that are controlled adversely to the movant by the ruling in the preceding division of this opinion; and also an objection that in some of the excerpts the court expressed an opinion on the facts of the case, which objection is also without merit.

■ The evidence authorized the verdict for the defendant.

*Judgment affirmed. Quillian, J., concurs. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. In such a policy as we have in this case, where the parties have not defined the word "windstorm," several courts have defined the word to mean "a wind of sufficient violence to be capable of damaging the insured property, either by its own unaided action, or by projecting some object against it; that is to say, that any wind that is of such extraordinary force and violence as to thereby injuriously disturb the ordinary condition of the things insured, is tumultuous in character, and is to be deemed a 'windstorm' within the purview of the policy in the absence of a provision therein to the contrary." Adams Apple Prod. Corp. *v.* National Union Fire Ins. Co. of Pittsburgh, 170 Pa. Super. 269 (2, 3) (85 Atl. 2d 702); Gerhard *v.* Travelers Fire Ins. Co., 246 Wis. 625 (18 N. W. 2d 336, 337); Fidelity-Phenix Fire Ins. Co. of N. Y. *v.* Bd. of Ed. of Town of Rosedale, 201 Okl. 250 (204 Pac. 2d 982, 985); and see

*Ohio Hardware Mutual Ins. Co.* v. *Sparks,* 57 *Ga. App.* 830, 832 (196 S. E. 915). Under such a definition, the jury was compelled to find that an automobile left parked on a 3.5% grade in the direction in which it moved, unbraked and out of gear, was not in an *ordinary* condition. The least the word "windstorm" could mean, in my opinion, would be a wind capable of moving an automobile parked on a level, unbraked and out of gear, in which event the act of the owner in leaving the car unbraked and out of gear would not militate against him. Since there was no evidence whatever that the wind in this case was strong enough to move an automobile parked on a level, unbraked and out of gear, and since there was evidence that the United States Weather Bureau classified an 18 to 23 mile an hour wind as a "moderate breeze," the verdict for the defendant was demanded. The basic question is what is a windstorm? If there was no windstorm, there could be no recovery whatever the facts showed otherwise. The fact that proof of a windstorm would authorize a recovery by the plaintiff despite the negligence of the plaintiff does not mean that proof of a wind less than a windstorm would authorize a recovery if the damage would not have occurred but for the negligence of the plaintiff. In other words, if the evidence shows damage from a hazard insured against, the negligence of the plaintiff does not defeat recovery. If the evidence does not show damage from a hazard insured against, there can be no liability even if the damage would not have occurred in the absence of the hazard which was not insured against. So, in this case, if the car would not have rolled down the driveway but for the wind, and the wind did not rise to the degree of intensity of a windstorm, no recovery could be had. Since the evidence demands a finding that a wind not amounting to a windstorm started the automobile in motion and a verdict for the defendant was demanded, the alleged errors of the court in the particulars complained of were harmless.