### 39452. CARTEY v. SMITH.

Decided April 13, 1962—Rehearing denied April 25, 1962.

*Aaron Kravitch, Richardson, Jones & Doremus, Ogden Doremus,* for plaintiff in error.

*Kennedy & Sognier, John G. Kennedy, Jr.,* contra.

Russell, Judge. 1. Special ground 3 complains that the court's charge on the doctrine of emergency was without evidence to support it in that the defendant's testimony showed him to have been aware of the entire factual situation. This contention is not accurate, for the defendant, if he was in fact traveling between ten and fifteen miles per hour, was two car lengths behind the plaintiff, and knew that the plaintiff would slow up or stop at the traffic signal, and did in fact apply his brakes under those circumstances, the brakes and tires both being in good condition, would naturally have expected his car to stop before it hit the preceding vehicle. He was thus confronted by an unexpected situation. There was testimony that the street consisted of two traffic lanes in each direction, suggesting that the defendant might have avoided plaintiff's automobile by steering into the other traffic lane, and also there was his own testimony that the car was equipped with an emergency brake but he made no effort to use it or to turn around the car ahead. The jury might well have found that his failure to take remedial action was negligence, but, in such event, he was entitled to have such negligence considered in connection with the rule of law that one confronted with sudden peril is not held

to the same standard of judgment of judgment as might otherwise be required. A sudden emergency, such as a brake failure, does not relieve a person from the exercise of ordinary care for his own safety, but is a circumstance to be considered in determining whether ordinary care was exercised. *Chitwood v. Stoner,* 60 Ga. App. 599 (4 SE2d 605). Nor is the contention accurate that the emergency must be caused by the plaintiff. "The purposes of judicial instructions on the law relating to sudden peril are generally (a) to excuse an act of the plaintiff which would otherwise be negligence on the plaintiff's part diminishing or precluding recovery, or (b) to excuse an act of the defendant which would otherwise constitute negligence as to the plaintiff." *Stripling v. Calhoun,* 98 Ga. App. 354, 356 (105 SE2d 923). The charge was without error.

2. Special grounds 4 and 5 assign error on the instructions concerning the law of accident, that is, that in law accident means an injury occurring without negligence of either party. Plaintiff contends the charge was error as an abstract principle of law, unsupported by evidence, incomplete, and that it offered the defendant the benefit of a defense to which he was not entitled.

The charge was in the language approved in *Brewer v. Gittings,* 102 Ga. App. 367 (6) (116 SE2d 500) and is neither incomplete nor abstractly incorrect. It was warranted by the evidence, for an accident in legal contemplation may result from a sudden brake failure which is not due to the negligence of the defendant owner and driver. *Mathis v. Mathis,* 42 Ga. App. 1 (155 SE 88); *Jacobs v. Felmet,* 105 Ga. App. 234 (124 SE2d 307). Further, accident without negligence may on occasion result from road conditions. In *Jackson v. Martin,* 89 Ga. App. 344 (79 SE2d 406) the plaintiff's automobile crossed to the left side of the road resulting in a head-on collision with an approaching automobile. In affirming a verdict for the defendant, this court said: "[T]he total effect of the plaintiff's evidence was that the defendant was traveling on her side of the highway on a rainy day, the pavement was slippery, and just as the two automobiles met each other, the defendant's automobile, which was not being operated at a high rate of speed, for some

*unexplained* reason slipped or skidded across the center line of the highway and collided with the automobile in which the plaintiff's husband was riding. A verdict for the defendant was demanded, as the presence of the defendant's automobile on the wrong side of the road is explained by the plaintiff's evidence as the result of slipping or skidding, but the slipping or skidding of the defendant's automobile, which is without explanation, is as consistent with innocence on the defendant's part as it is with her negligence; and the plaintiff, therefore, failed to carry the burden of proof."

Under these authorities it would have been error not to charge on the law of inevitable accident, and it also follows that the evidence, which shows that the defendant was properly driving and properly applied his brakes but that his automobile nevertheless rolled, slipped, or skidded into the rear of the plaintiff's car for some unexplained reason, authorized a verdict for the defendant.

The remaining special grounds of the motion for a new trial are expressly abandoned. The verdict was authorized by the evidence above set forth.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*