### 42592. MOON v. KIMBERLY.

PER CURIAM. B. A. Moon sued Edward C. Kimberly for damages for personal injuries allegedly sustained when defendant's wife, operating defendant's family-purpose automobile, struck the plaintiff while he was walking across a parking lot on the premises of Delta Air Lines, Inc. at the Atlanta Municipal Airport. Upon the trial of the case the jury returned a verdict for the defendant. After making a motion for a new trial the plaintiff has appealed to this court, making here only two contentions of substance.

1. Plaintiff requested the court to charge the jury "that the length of time for which a pedestrian should continue to look for approaching motor vehicles, when using a parking lot, depends upon the facts and circumstances of each particular case. In a case where a traveler has driven his automobile to the premises of a parking lot, parks his automobile, gets out of the automobile and then starts to walk across the lot for the purpose of leaving same, this pedestrian and other persons entering or leaving the parking lot premises have mutual duties, each to the other. The pedestrian when using the lot is not bound as a matter of law to be continually looking and listening to ascertain whether automobiles are approaching, and if he fails to do so he is not as a matter of law conclusively so negligent as to prevent a recovery where the driver of an approaching automobile is negligent. The duty of the respective parties to use ordinary care under these circumstances is governed by the principles of law given to you under other portions of this charge." This request, while not in all respects a quotation, appears to have been patterned after the language of this court in the case of *Lorig v. Brunson*, 84 Ga. App. 558, 562 (66 SE2d 268). However, the mere fact that language has been employed by the reviewing court

in discussing a case or in giving reasons and argument for a particular decision does not always render such language appropriate for use by the trial judge in charging the jury. *Hunt v. Pollard,* 55 Ga. App. 423, 426 (190 SE 71). In this case the language of the request was argumentative in favor of the plaintiff's position, and, as worded, was confusing. Furthermore, the trial court in its charge instructed the jury as to the respective rights of pedestrians and operators of automobiles on private parking lots, using less argumentative language and in more abstract terms which, in substance, submitted the principles embodied in the request. As pointed out by Judge Felton in the recent case of *Southern R. Co. v. Grogan,* 113 Ga. App. 451, 457 (9) (148 SE2d 439), the law which was the basis of the rule requiring the trial judge to charge the jury in the exact language of a pertinent timely written request to charge was repealed by the Appellate Practice Act of 1965. The failure to give in charge the plaintiff's request number 10 was not error for any reason contended.

2. The plaintiff contends that the trial court erred in instructing the jury on the doctrine of emergency. Under the facts of this case, as the defendant contended them to be, the jury would have been authorized to find that the plaintiff suddenly stepped from between two automobiles on the parking lot and directly in front of the defendant's automobile so that the defendant's wife, driving the same, was faced with a sudden emergency under which she reacted by applying her brakes and pulling sharply to the left. The court fully and correctly instructed the jury on the abstract principles involved in the doctrine of emergency and under what circumstances it would be applicable.

Under Section 17 (c) of the Appellate Practice Act, before this court will reverse the trial court because of an erroneous instruction not excepted to in the trial court, it must appear, of course, that such charge was necessarily harmful to the complaining party. Any charge which is not necessarily harmful to the complaining party is not such substantial error as to require the reversal of the case, in the absence of a proper exception to the charge. See in this connection *Nathan v. Duncan,* 113 Ga. App. 630, 637 (6) (149 SE2d 383). The giving of these instructions, if error, will not require a reversal of the case.

3. The trial court did not err in overruling the grounds of the

motion for a new trial complaining of the refusal of the plaintiff's request to charge and complaining of the charge on emergency as given by the court.

*Judgment affirmed. Jordan, P. J., Deen and Quillian, JJ., concur.*

SUBMITTED FEBRUARY 8, 1967—DECIDED JUNE 12, 1967—
REHEARING DENIED JUNE 27, 1967.

*Northcutt & Edwards, W. S. Northcutt,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., John T. Marshall,* for appellee.