42648. STUBBS v. GREYHOUND LINES, INC. et al.

PER CURIAM. To the plaintiff's action for loss of consortium, alleged to have resulted from a collision caused by the negligent operation of the defendant Greyhound Lines' bus by the defendant Johnson, the defendants pleaded accident and upon the trial offered evidence that the collision was caused by ice formations on the street which the defendants could not reasonably have anticipated. The jury returned a verdict in favor of the defendants.

1. The third through the sixth enumerations of error are either abandoned by the appellant or concern the court's instructions as to which no objection was made prior to verdict. They accordingly do not show cause for reversal. *Nathan v. Duncan,* 113 Ga. App. 630 (6) (149 SE2d 383); *Barlow v. Rushin,* 114 Ga. App. 304 (151 SE2d 199); *Southwire Co. v. Franklin Aluminum Co.,* 114 Ga. App. 337 (2) (151 SE2d 493); *Atkins v. Britt,* 114 Ga. App. 258 (150 SE2d 841).

2. Any error in excluding evidence which, if relevant, was relevant only with respect to the measure of damages, would not be ground for reversal, in the absence of some other error requiring a reversal of the case, for the reason that the jury having rejected the plaintiff's contention as to liability generally, obviously did not consider the question of damages. *Andrew v. Carithers,* 124 Ga. 515 (52 SE 653); *McBride v. Georgia R. &c. Co.,* 125 Ga. 515 (54 SE 674); *Segars v. City of Cornelia,* 60 Ga. App. 457 (4 SE2d 60); *Parsons v. Foshee,* 80 Ga. App. 127 (55 SE2d 386); *Parsons v. Grant,* 95 Ga. App. 431 (98 SE2d 219); *King v. Harmon,* 97 Ga. App. 456 (103 SE2d 428). The first ground of enumerated error complaining of the refusal of the court to admit in evidence the Carlisle Mortality Table, and the second ground, relating to a portion of the charge respecting an item of damages, under the circumstances of the case, if error, will not require a reversal.

*Judgment affirmed. Jordan, P. J., Deen and Quillian, JJ., concur.*

Submitted March 8, 1967—Decided June 21, 1967.

*James O. Goggins,* for appellant.

*Gambrell, Harlan, Russell & Moye, Edward W. Killorin, George W. Hart,* for appellees.