43982.   LAMAR NASH BUICK-PONTIAC, INC. v. CROWE.

ARGUED OCTOBER 8, 1968—DECIDED NOVEMBER 19, 1968.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Meade Burns, Robert W. Beynart,* for appellant.
*Joseph E. Cheeley,* for appellee.

QUILLIAN, Judge. ■ There was testimony by the president of the defendant corporation and one of its employees that: the automobile was parked on the paved parking lot with the emergency brake on and chocks under both rear wheels; the automobile was kept locked with the keys inside the repair shop; the automobile was last seen in this condition on the day prior to the collision; the area where the automobile had been parked was inspected subsequent to the collision and it was observed that the chocks looked as though they had been kicked aside and a footprint was found at the rear of the automobile that looked as if someone had stood to the rear of the automobile and pushed it; the automobile had been parked on the lot approximately three weeks prior to the collision.

The defendant contends that the above evidence was conclusive that it was in the exercise of ordinary care and demanded a verdict to that effect. With this contention we cannot agree.

There is no issue that the automobile in the defendant's custody and control did in fact roll unattended down the grade and into plaintiff's path resulting in the collision. The fact that the automobile did roll down the grade is incompatible with the defendant's evidence that the automobile was locked with the emergency brake on and chocks under both rear wheels. Therefore, the rule would apply which is stated in *Pantone v. Pantone*, 206 Ga. 305 (2) (57 SE2d 77): "While direct and positive testimony, given by an unimpeached witness as to the existence of facts apparently within his own knowledge, and not in itself incredible, impossible, or inherently improbable, cannot be arbitrarily rejected by a jury or other trier of facts upon the mere surmise that it perhaps might not be in accord with the truth, yet, where such testimony is contradicted by proof of facts or circumstances that could be taken as incompatible with such testimony, the question of which theory thus presented by conflicting evidence will be accepted is a question to be determined by the jury or other trier of facts."

As was held in *McCurry v. Bailey*, 224 Ga. 318, 320 (162 SE2d 9) the jury might lawfully say that the physical fact that the automobile did roll into the path of the plaintiff outweighs the evidence presented in behalf of the defendant.

In *Kroger Co. v. Perpall*, 105 Ga. App. 682, 690 (125 SE2d 511), a case factually similar to the present one, this court held: "While courts throughout the country show some conflict as to whether a jury question remains in the case after positive testimony by the driver of facts showing the parked vehicle would not have moved without application of an outside force, the majority of the cases consider that it does. See Annotation, 16 ALR2d 979, et seq. where it is stated, p. 982: 'The situation where a parked automobile runs away and works injury is a natural one for the application of the doctrine of res ipsa loquitur, and the courts appear to be agreed that, in the absence of explanatory circumstances, such an occurrence justifies a presumption or inference of negligence, making a prima facie case for the plaintiff, and casting upon the defendant the burden of coming forward with evidence to overcome or at least balance the inference. . . The greater number of cases unite in holding that mere testimony of the defendant that, in parking his vehicle, he took all possible or reasonable precautions, does not necessarily overcome the effect of the inference.'"

The evidence was sufficient to support the verdict and the trial judge did not err in overruling the motions.

■ The testimony of the expert witnesses together with a photograph showing the extent of the damage to the automobile was sufficient evidence as to its value immediately before and after the collision. *Atlantic C. L. R. Co. v. Clements*, 92 Ga. App. 451 (2), 455 (88 SE2d 809).

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*