## 49077. PARHAM v. ROACH.

EBERHARDT, Presiding Judge.

Shirley Dyer brought suit against Junior Roach for personal injuries and damage to her automobile resulting from a collision with a runaway 1962 Chevrolet automobile which had been under Roach's possession and control.[1] At the time in question Mrs. Dyer and her sister,

---

[1] While the suit was pending, Shirley Dyer died and

Mrs. Hardy, were returning from Athens to Commerce on U. S. Highway 441 when the 1962 Chevrolet rolled unattended down Max Poole's driveway and onto the highway in the path of the Dyer automobile. Earlier in the day Roach had borrowed the automobile from James Powell to go hunting. Returning from his trip, he stopped at Max Poole's house to inspect several bird dogs. He drove to the top of Poole's driveway, described as approximately seventy feet long and very steep, and parked the car near the top on the steep part. He and Poole stood talking for some ten to fifteen minutes, then went back to Poole's barn to see the dogs, and as they were returning the collision occurred. Roach and Poole both estimated that the car had been parked in the driveway 30 to 45 minutes before the collision. Roach testified that he had put the car in park and engaged the handbrake; the investigating officer testified that Roach had stated at the scene that he had apparently failed to set the handbrake; Roach denied having told the officer this.

Plaintiff submitted the following request to charge: "You are instructed that if you find from the evidence that the automobile under the custody and control of Junior Roach did in fact roll unattended down Max Poole's driveway and into the path of Mrs. Shirley Dyer causing the collision, then the law presumes that the defendant is negligent and places upon the defendant the burden of coming forward with evidence to overcome or at least balance the presumption of negligence. The mere testimony of the defendant that, in parking said automobile, he took all possible or reasonable precautions, does not necessarily overcome the presumption that the defendant, Junior Roach, was negligent." At the hearing on the requests, defendant objected on the basis that negligence could not be presumed; and the court refused to charge this written request, to which refusal plaintiff objected at the conclusion of the charge. Instead, the court charged defendant's request to charge, in part as follows: "The mere collision of two vehicles does not raise a

---

her executrix was substituted.

presumption of negligence on the part of a defendant, nor does it create a right of recovery by the plaintiff." This request to charge was objected to by plaintiff at the hearing prior to the charge, and the objection was renewed at the conclusion of the charge.

There was a verdict for the defendant and plaintiff appeals, enumerating errors as to the exclusion of evidence, the denial of certain requests to charge, a failure to charge and in a portion of the charge given. *Held:*

1.  Plaintiff offered a batch of some 53 personal checks signed by the decedent, Mrs. Dyer, made out to various parties, and several receipts to Mrs. Dyer from various parties. These were offered as a whole as proof of her "expenses" from the time of the accident to the time of her death. Bills or invoices for the items covered by the checks and receipts were not offered, and the checks and receipts were excluded on objection timely made, and this ruling is enumerated as error.

Although Code Ann. § 38-706.1 provides that one who is a member of the family of the injured party, or who was responsible for the care of the patient is a competent witness to *identify doctor bills, hospital bills, ambulance service bills, drug bills and similar bills* for expenses incurred in the treatment of the patient upon a showing that the bills were received from a *licensed* practicing physician, hospital, ambulance service, drug store, etc., no such bills were identified or introduced and there was no proof that the payments made by the checks tendered were to *licensed* practicing physicians, hospitals, ambulances, drug stores, etc.

There was no identification of the items as required by the statute, nor was there the proof that all of the payments had been made for treatment of Mrs. Dyer for injuries which she may have received in the accident involved. *Lester v. S. J. Alexander, Inc.,* 127 Ga. App. 470 (193 SE2d 860).

Moreover, even if we could find error in exclusion of these items, the verdict was for the defendant, finding against liability, and any error in the admission or exclusion of evidence relative to the injuries or damages, their extent, or expenses incurred in their treatment, was

harmless and affords no ground for reversal. *Stubbs v. Greyhound Lines, Inc.,* 116 Ga. App. 58 (2) (156 SE2d 474), and see cases collected in *Maloy v. Dixon,* 127 Ga. App. 151, 156 (193 SE2d 19), footnote 2.

2. Error is enumerated on a charge that "the mere collision of two vehicles does not raise a presumption of negligence on the part of the defendant." We can find no error in this charge. Obviously it is correct as an abstract statement of the law, for a mere collision between two vehicles may result from an accident for which no one is to blame, or it may result from the negligence of the operator of the other vehicle (not defendant's), or from some supervening cause. Cf. *Cartey v. Smith,* 105 Ga. App. 809 (125 SE2d 723).

3. The request to charge submitted by the plaintiff (see statement of facts above) is faulty in that it asserts that if the jury should "find from the evidence that the automobile under the custody and control of Junior Roach did in fact roll unattended down Max Poole's driveway into the path of Mrs. Shirley Dyer causing the collision, then *the law presumes that the defendant is negligent . . ."* (Emphasis supplied.)

The request to charge is based upon the rule of res ipsa loquitur, which was fully discussed in *Chenall v. Palmer Brick Company,* 117 Ga. 106 (43 SE 443), where a brick arch had fallen and injured the plaintiff. Pointing out that proof of negligence might be accomplished by direct evidence, or by circumstantial evidence, or by a combination of the two, it was asserted that "The law raises no presumption whatever as to who was to blame. The burden is on the plaintiff to show that the defendant was negligent," and "There is in neither of these instances, however, any presumption of law, but evidence on which the jury may reason, and from which they may draw conclusions as to matters not directly proved. This inference is one of fact and not of law. It is to be reached by the jury and not by the court."

In *Sinkovitz v. Peters Land Co.,* 5 Ga. App. 788, 794 (64 SE 93), the owner of a building was sued for injuries occurring when a window pane fell and struck the plaintiff on a sidewalk below. Applying the doctrine from *Chenall,* it was held that " ' The maxim res ipsa loquitur

is simply a rule of evidence. The general rule is that negligence is never presumed from the mere fact of injury, yet the manner of the occurrence of the injury complained of, or the attendant circumstances, may sometimes well warrant an inference of negligence. It is sometimes said that it warrants a presumption of negligence; but the presumption referred to is not one of law but of fact. It is, however, more correct and less confusing to refer to it as an inference, rather than a presumption; and not an inference which the law draws from the fact, but an inference which the jury are authorized to draw; and not an inference which the jury are compelled to draw. . . Under our system, where every question of negligence is left for determination by the jury, even in cases where the maxim under consideration is applicable, *the judge should not charge the jury that there would be an inference of negligence from a given state of facts,* but should instruct them in clear and unequivocable terms that negligence must be proved, and it is for them to consider whether the manner of the occurrence and the attendant circumstances are of such a character that they would, in their judgment and discretion, be authorized to draw an inference that the occurrence could not have taken place if due diligence on the part of the [defendant] had been exercised. And they should also be instructed, that, while they are not required by the law to draw any inference of negligence from the matter, still it is within their province to determine whether the circumstances are such that an inference might be properly drawn. If in a given case the jury see proper to draw an inference of negligence from the manner of the occurrence or the attendant circumstances, the drawing of this inference is not necessarily to result in a finding in favor of the plaintiff. It imposes upon the jury the duty of making further inquiry as to whether this inference has been overcome by a satisfactory explanation. If the jury have drawn the inference of negligence, and there is evidence which satisfies their minds, notwithstanding such inference of negligence, that the occurrence was really brought about [by some other cause] the inference is overcome, and the jury should find in favor of the defendant.' " (Emphasis

supplied.)

In *Griffin v. Odum,* 108 Ga. App. 572 (133 SE2d 910), it was contended that an automobile accident had occurred when the defendant had driven his vehicle across to the wrong side of the road and struck the plaintiff's vehicle. The court charged that "If a collision takes place and a party is on the wrong side of the road, the presumption is generally against the party on the wrong side of the road. This applies to whichever of the parties in this case you may find, if either, was upon the wrong side of the road." We held that "in our opinion the charge complained of was subject to the criticism that the jury might assume under said charge that the 'presumption' referred to therein was one of absolute liability and that upon proof of the defendant's automobile being on the wrong side of the roadway, a verdict would ipso facto be demanded for the plaintiff. This, of course, is not the law, for as stated by the Supreme Court in *Chenall v. Palmer Brick Company,* 117 Ga. 106, 108 (43 SE 443): 'There is no absolute presumption of negligence in any case under our law.' Even where an act constitutes negligence as a matter of law as being in violation of a duty created by statute or valid municipal ordinance, the commission of the act would not raise a presumption of liability against the negligent party for it must further be shown that said act was the proximate cause of the alleged injury."

The request was faulty also because it excludes any consideration of whether the occurrence may have been an accident for which no one is to blame. "Whenever the allegations of the petition, or the facts shown in support thereof, are such as might reasonably support the inference that the accident might have been thus occasioned, no presumption can arise that the accident was occasioned by negligence or by the particular acts or omissions charged against the defendant." *Atlanta Coca-Cola Bottling Co. v. Danneman,* 25 Ga. App. 43 (102 SE 542). "The entire absence of blame on the part of a plaintiff does not, therefore, necessarily establish a fault on the part of a defendant, since an accident may be a mere casualty for which no one is to blame." *Terrell v. J. F. Giddings & Son,* 28 Ga. App. 697 (1) (112 SE 914).

See also *Cartey v. Smith,* 105 Ga. App. 809, supra.

The request for charge also included the proposition that "the law presumes that the defendant is negligent and places upon the defendant the burden of coming forward with evidence to overcome or at least balance the presumption of negligence."

Here again, there is no presumption of law that one is negligent for the reasons stated above; res ipsa loquitur merely raises an inference of fact if the jury sees fit to so apply it. And "Where the maxim of res ipsa loquitur is applicable, it is merely a rule of evidence and it does not have the effect of shifting the burden of proof." *Parker v. Dailey,* 226 Ga. 643, 646 (177 SE2d 44).

The request, being faulty and not perfect, was properly denied. *Slaughter v. Linder,* 122 Ga. App. 144 (2b) (176 SE2d 450).

The cases of *The Kroger Co. v. Perpall,* 105 Ga. App. 682, 687 (4) (125 SE2d 511) and *Lamar Nash Buick-Pontiac, Inc. v. Crowe,* 118 Ga. App. 669 (164 SE2d 917), upon which appellant relies strongly in urging error in the denial of this request for charge, do not require a different result. Though the request may be compatible with some of the language found in those cases, yet the language found in opinions of the appellate courts is not always appropriate for a charge on the trial of a case. *Hogan v. Hogan,* 196 Ga. 822, 825 (28 SE2d 74); *Moon v. Kimberly,* 116 Ga. App. 74 (1) (156 SE2d 414). We find no error in the denial of this request.

4. Error is enumerated on a charge of comparative negligence. An examination of the charge reveals that the court charged the language of Code § 105-603, which is generally known as the avoidance doctrine. The second sentence of that section does state the rule that "in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." No rules as to apportionment of damages were given. Mrs. Dyer was a passenger in her own car, operated by her sister and returning from a trip to Athens to see a doctor when the accident occurred, and the jury was authorized to draw an inference that Mrs. Dyer had a right to control Mrs. Hardy as her servant, and thus render her chargeable with Mrs. Hardy's

negligence, if any. *Floyd v. Colonial Stores, Inc.,* 121 Ga. App. 852 (176 SE2d 111). Moreover, the court charged that under the facts proven Mrs. Hardy was the agent of Mrs. Dyer and that any act or omission of Mrs. Hardy in operating the car was imputable to Mrs. Dyer, and there is no exception to this charge. There was testimony from the investigating trooper of the State Patrol indicating that Mrs. Hardy, or Mrs. Dyer, might have seen the defendant's car rolling backward down the driveway if they had been keeping a lookout. Mrs. Dyer testified by deposition before her death that they had seen it when it was about halfway down the driveway. Trooper Clifton testified that the Dyer car laid down skid marks for some 54 feet before the impact. With this testimony, a charge on comparative negligence would not have been error.

5. There was exception to a refusal of a requested charge on damages recoverable for an aggravation of a prior condition. Since the verdict was for the defendant, establishing a lack of liability, errors in charging or failing to charge or denial of requests to charge on the matter of damages or the measure of damages are harmless and afford no ground for reversal. See cases collected in Footnote 2 of *Maloy v. Dixon,* 127 Ga. App. 151, 156, supra.

6. Error is enumerated on failure of the court to give a requested charge that if the jury should find a greater weight of the evidence that the automobile in defendant's custody did roll down the Poole driveway, this fact would be incompatible with defendant's testimony that he had properly braked and secured the vehicle.

Denial of this request was proper. The issue upon which it touches is a matter for resolution by the jury, not the court. The request is a sentence lifted from *Lamar Nash Buick-Pontiac, Inc. v. Crowe,* 118 Ga. App. 669, supra, and as we have already observed, matter included in an opinion of the appellate courts is not always appropriate for a charge by the trial court.

Further, the jury was authorized, though not required, to conclude that the vehicle may have experienced a sudden brake failure or mechanical defect and that this caused it to roll down the driveway, in

which event the testimony of the defendant that he had, upon leaving the car, braked and secured it would not be incompatible with what happened. Cf. *Cartey v. Smith,* 105 Ga. App. 809, supra.

There was a full and fair charge on the matters of causation, circumstantial and direct evidence, conflicts in the evidence and their proper disposition, credibility of witnesses and weight of the evidence, direct and circumstantial, on sudden mechanical or brake failures and the duty of the defendant to inspect.

The evidence authorized, though it did not demand, the verdict returned. We find no errors of law and the judgment is affirmed.

*Judgment affirmed. Bell, C. J., Pannell, P. J., Deen, Quillian, Clark, Stolz and Webb, JJ., concur. Evans, J., dissents.*

SUBMITTED FEBRUARY 7, 1974 — DECIDED MAY 7, 1974.

*Cook, Pleger & Noell, J. Vincent Cook,* for appellant.
*Greer, Sartain & Carey, Jack M. Carey, Davis & Davidson, Jack S. Davidson, Reed & Dunn, Robert J. Reed,* for appellees.

EVANS, Judge, dissenting.

Defendant's car was left unattended on an incline adjacent to U. S. Highway 441, and while thus unattended, it started in motion and ran down the incline and into Highway 441, where it collided with the automobile in which plaintiff was riding. There was no evidence to suggest that any external force was applied which could have started the parked automobile. Defendant testified that his brakes were in good order and that the car was left with the emergency brake engaged.

But the defendant's testimony is in conflict with the physical facts. In *Georgia Highway Express v. Sturkie,* 62 Ga. App. 741, at 746 (9 SE2d 683), it is held: ". . . it is a fact so patent as to amount to common knowledge that a good used car, with an effective handbrake pulled up into its proper position, will not leave its place of rest

even on an incline, unless some external force be applied." See also *Scoggins v. Peggy Ann of Ga., Inc.,* 87 Ga. App. 19, at 23 (73 SE2d 79); *Wright Contracting Co. v. Waller,* 89 Ga. App. 827, 833 (2a) (81 SE2d 541).

If defendant did not have efficient brakes and left the car unattended, this would amount to negligence on his part. On the other hand, if defendant's car had efficient brakes, and he failed to engage and set same upon leaving the car, this would have been negligence on his part. No matter which theory be adopted, it adds up to negligence on defendant's part; because common knowledge asserts that an automobile, with efficient hand (emergency) brakes, which are engaged at time of leaving the car, "will not leave its place of rest on an incline," as is held in the *Sturkie* case, supra. It would not help defendant to contend the incline was so steep that his brakes would not hold the car, and that gravity from the steep incline caused the car to start up despite the efficient brakes. To have left his car on such an incline, unscotched, would itself constitute negligence. *Peggy Ann of Ga., Inc. v. Scoggins,* 86 Ga. App. 109, 117 (71 SE2d 89).

There was testimony from the investigating officer, a member of the State Highway Patrol, that defendant told him at the scene of the collision that defendant failed to set his brakes, when he left the car (Tr. 31). That is most likely what happened. But that is not too important here; because the defendant's testimony that he did set the brakes flies into the face of common knowledge; because the car would not have started on the incline, absent some external force, as to which there was none.

In the face of these facts, and this law, the trial judge charged the jury, in an argumentative fashion, as follows: "The *mere collision* of two vehicles does not raise a presumption of negligence on the part of the defendant." (Emphasis supplied.) But here there was no *mere collision,* and no evidence as to a *mere collision,* but a collision from which the physical facts, under the common knowledge possessed by all jurors (see Code § 38-102) *resulted from negligence.* There was nothing in this record to show a "mere collision," nor to authorize the trial judge to charge on a "mere collision," which

could only persuade the jurors that the trial judge did not believe defendant was negligent; and that the collision was an accident.

It has been held time without number that a trial judge commits reversible error when he charges in an argumentative fashion. *Parks v. Fuller,* 100 Ga. App. 463 (3a) (111 SE2d 755). And even though a request for charge may be abstractly correct, it is error to charge same if it is argumentative as applied to the facts in the case on trial. *Thomas v. Barnett,* 107 Ga. App. 717-718 (6) (131 SE2d 818). Defendant, in his answer, pleaded that the injuries resulted from an unavoidable accident. The charge to which objection was made was argumentative and in support of the theory of *accident. But there was no evidence in the case which, to any degree, supports the theory of accident;* and a charge as to which no admissible evidence has been introduced is erroneous. *Hastings v. Hastings,* 175 Ga. 805 (3) (166 SE 192); *Ware v. Martin,* 209 Ga. 135 (4) (70 SE2d 759).

Enumeration of error number two complains of the foregoing charge, and objection was made thereto at the completion of the charge. This charge, under these circumstances, constitutes reversible error, and I would reverse for that reason.