### 51429. P. & M. MASONRY et al. v. J. BLACK COMPANY.

DEEN, Presiding Judge.

William J. Black Co. as general contractor for improvements to a municipal recreation center, entered into a subcontract with the appellant partnership, P. & M. Masonry, to do certain construction work including the erection of brick and masonry walls. Prior to completion certain portions of the work done were condemned by the architect, and eventually the work, including replacement of portions of certain walls, was completed by the general contractor through other means. It then brought this action against the appellant for the difference between the contract price and cost of completion, and won a verdict which is the subject of this appeal.

Only one question is raised: The propriety of admitting in evidence two exhibits showing ledger sheets and canceled checks made out to designated workmen for weekly wages. The objection urged was that these records were prejudicial in that they included payment for hours of employment on other work as well as on the work for which reimbursement was sought. Testimony included the following: "Q. If you took all of these ledger cards and added up all those checks, would they amount to the $9,000 labor figure you claim? A. It would amount to much more, many thousands of dollars more. Q. Now, why is that? A. Because these ledger cards, a man would be on, maybe he's on the same project, but he wouldn't necessarily be performing masonry work at all times. And

those ledger cards, if they will look at those, we show on a daily — it's coded. We only charged, maybe the man had 40 hours and in making that 40 hours he might not have had but 20 hours charged to masonry. But I had to produce the checks because that's where he was reimbursed for those 20 hours that was charged to masonry. Q. Would these checks, then, cover work done on projects other than the Grant Park? A. It could be another project, a part of it, but the log would certainly clear that up 100 percent."

From the testimony the total labor price allocation was clear. It was also clear as to what workmen performed the masonry work, and that the allocated labor was included by a coding device in the total payments for wages as shown by the checks and ledger sheets. It was clear that the total of ledger sheets was not being claimed for labor. The documents were admissible, with this explanation, to show payment was made, under the business records statute, Code § 38-711. "All other circumstances of the making of such writing or record. . . may be shown to affect its weight but they shall not affect its admissibility." The defendant contends the records were not admissible because "the plaintiff has the duty to segregate the irrelevant expenses since he has the burden of proof to show his losses in such manner as can permit calculation thereof with a reasonable degree of certainty." *Lester v. S. J. Alexander, Inc.,* 127 Ga. App. 470 (2) (193 SE2d 860), and see *Parham v. Roach,* 131 Ga. App. 728, 730 (206 SE2d 686). In the *Parham* case a group of checks offered as proof of medical expenses was rejected because the plaintiff did not comply with Code § 38-706.1 by *identifying the bills* to which the checks referred, and failed to offer proof that the checks were in payment of such bills by *licensed* physicians, hospitals, etc. While we find Code § 38-706.1 inapplicable to the present case, we agree that there is a burden on the plaintiff to prove expenses. This burden was carried here. The plaintiff's witness testified as to the man-hours necessary to re-do the masonry work, the employees who performed it, and the cost of performance. He then offered proof of payment, and testified that the ledger sheets were so coded as to show man-hours allocated to the contract, on the basis of

which his figures were arrived at. This testimony showed payment and method. If the testimony as to method was conclusory in character, it was subject to cross examination to check the results of the method used. "This section shall be liberally interpreted and applied." Code § 38-711. The checks showed payment; the ledger sheets were coded to show the basis on which payment was computed, and both were admissible in evidence.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED OCTOBER 29, 1975 — DECIDED NOVEMBER 19, 1975.

*Brackett, Arnall & Stephens, H. P. Arnall, H. A. Stephens, Jr.,* for appellants.

*Shoob, McLain, Merritt & Lyle, Christopher D. Olmstead,* for appellee.